PJETER LOHJA, Plaintiff-Appellee, *v.* CHECKER TAXI COMPANY, INC., Defendant-Appellant.

First District (2nd Division)    No. 80-297

Opinion filed December 30, 1980.

Jesmer & Harris, of Chicago (Charles E. Tannen and Allen L. Wiederer, of counsel), for appellant.

Gordon, Schaefer & Gordon, Ltd., of Chicago (Gilbert W. Gordon, of counsel), for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

On September 18, 1978, plaintiff's complaint was dismissed for failure to comply with discovery rules and orders. Four months later, plaintiff sought to vacate the dismissal pursuant to a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72) which alleged that during part of the period of noncompliance, he was experiencing a neurological disorder and "did not recall" receiving notices of several of the discovery orders.

The trial court granted plaintiff's petition to reinstate the cause. The only question presented for review is whether this petition was properly allowed. For the reasons set forth below, we reverse.

On June 8, 1977, plaintiff filed a complaint alleging that on January 13, 1977, a taxicab owned by defendant struck his car and caused him to sustain personal injuries. On July 8, 1977, defendant filed its answer and initiated discovery procedures by filing a copy of interrogatories to be answered by plaintiff, a notice for plaintiff to produce documents, and a notice for plaintiff's deposition on December 5, 1977. By a Rule 201(k) (Ill. Rev. Stat. 1977, ch. 110A, par. 201(k)) letter, dated September 28, 1977, defendant advised plaintiff's attorney, the firm of Hennessy, Faraci & Tassone, that plaintiff's answers to interrogatories were several months overdue. On December 5, 1977, plaintiff failed to appear for the scheduled deposition. On March 22, 1978, the firm of Hennessy, Faraci & Tassone was granted leave to withdraw as counsel for plaintiff. Plaintiff admittedly knew of this withdrawal.

On May 12, 1978, defendant moved to dismiss plaintiff's complaint for failure to comply with any of the discovery requests. The trial court continued the motion until July 18, 1978, and ordered plaintiff to comply with the prior requests. On May 15, 1978, defendant filed a notice indicating that plaintiff's deposition was scheduled to be taken on June 8, 1978. Plaintiff again failed to comply and on July 18, 1978, the trial court entered a second order requiring compliance. Plaintiff nonetheless failed to comply with any of the discovery requests and orders and on September 18, 1978, the trial court dismissed plaintiff's complaint for "willful failure to provide discovery." The record on appeal includes proof of service to Hennessy, Faraci & Tassone for all of the aforementioned discovery requests which were made prior to March 22, 1978. After this date, the record includes proof of service to plaintiff's residence for all of the subsequent requests, motions, hearings and orders, except the May 12 and September 18, 1978, orders; the record is unclear whether these two orders were served upon plaintiff, although it does include proof of service for notice of the May 12, 1978, hearing.

On February 14, 1979, plaintiff, who had "recently"[1] retained new counsel, filed his original section 72 petition and on May 10, 1979, filed an amended petition in which he set forth certain allegations. Plaintiff did not claim that proper notice of the 1978 hearings and orders had not been given; he merely asserted that he "did not recall" receiving notice of the May 12, 1978, and July 18, 1978, hearings or the orders entered pursuant thereto. Plaintiff alleged that he was not "notified" of the September 18,

---

[1] Although plaintiff's petition alleged that he "recently" retained new counsel, he does not indicate the date on which new counsel was retained.

1978, hearing or order. Nothing in the petition addressed the noncompliances which occurred in 1977. Plaintiff further alleged that he suffered a severe neurological disorder in 1978, including frequent periods of loss of memory and blackouts, but did not attempt to identify when these periods occurred.

In support of his amended petition, and after being given still additional time to do so, plaintiff submitted the affidavits of Dr. Richard Marks and Dr. Joseph Moretti on October 9, 1979. In his affidavit, Dr. Marks stated that he was a neurologist and that plaintiff "was a patient following his accident of January 13, 1977 and [plaintiff] has complained periodically of loss of memory since that time." The affidavit provided no further information. Dr. Moretti, asserted by defendant to be a chiropractor, by affidavit stated that plaintiff "became a patient after January 13, 1977, and complained of loss of memory, amnesia and frequent periods of blackouts and unconsciousness since that time." Dr. Moretti's affidavit also provided no additional information beyond this brief statement. Notwithstanding the length of time he was under their care, neither affiant purported to diagnose plaintiff as an amnesiac nor did either purport to treat him as one. The trial court granted plaintiff's petition on January 17, 1980. As of that date, plaintiff had still made no effort to comply with defense discovery requests filed some 2½ years earlier.

Defendant's primary assertion on appeal is that the complaint was properly dismissed because plaintiff continuously failed to comply with discovery rules and orders and that the granting of the section 72 petition was improper because it failed to set forth plaintiff's due diligence prior to dismissal. Defendant correctly maintains that a section 72 petition seeking to reinstate an action dismissed for failure to comply with discovery must set forth due diligence, both prior to the dismissal and in the subsequent pursuit of the section 72 remedy, and must assert the existence of a meritorious claim. (*Bailey v. Twin City Barge & Towing Co.* (1979), 70 Ill. App. 3d 763, 768, 388 N.E.2d 789.) To establish due diligence prior to dismissal, in this context, normally requires that a reasonable excuse for the noncompliance be tendered. (See, *e.g., Ambassador Insurance Co. v. Wilson* (1978), 65 Ill. App. 3d 418, 421, 382 N.E.2d 605.) The burden is on the noncomplying party to establish by affidavit or otherwise that the noncompliance was warranted by extenuating circumstances. (*Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 398 N.E.2d 264.) Plaintiff at bar urges that his failure to comply constituted excusable conduct, rather than a contumacious disregard for the court's authority, because neurological problems prevented his compliance. Plaintiff's section 72 petition and the accompanying affidavits do not support this position for several reasons.

First, plaintiff has alleged only that he was unaware of several of the 1978 court orders and hearings; he has made no attempt to explain the noncompliances with discovery requests which occurred during 1977 while still represented by an attorney, and in 1978 prior to the court orders. Significantly, pursuant to Cook County Circuit Court Rule 1.4, in March 1978, notice was served upon plaintiff by his attorneys of their intention to withdraw. Plaintiff concedes in his section 72 petition that he knew of the withdrawal and "did not obtain any new attorney to represent him." Plaintiff has proffered no reasonable excuse for these eight months of noncompliance with defendant's repeated requests for interrogatory answers, document production, and deposition appearances.

■■ Second, although plaintiff has alleged that he experienced neurological difficulties in 1978, neither the petition nor the affidavits attempt to establish that the putative condition existed at the times of noncompliance or that said condition caused noncompliance. The affidavits indicate only that during 1978, plaintiff periodically complained of memory loss. Such a situation hardly explains or excuses the failure to appear at three hearings or to comply with two court orders in 1978. Plaintiff's allegations that he "does not recall" receiving notices of the enumerated hearings and orders, are consistent with the inference that due notice was given and received (*Fennema v. Vander Aa* (1969), 42 Ill. 2d 309, 247 N.E.2d 409) and are not proper grounds for a section 72 vacatur of a dismissal. In *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719, where the plaintiff claimed lack of knowledge of the hearings, but had not asserted that proper notices weren't sent, the supreme court held that a section 72 remedy was inappropriate because a litigant is dutybound to follow his case. (See also *Fennema v. Vander Aa*; *Ryan v. Dixon* (1975), 28 Ill. App. 3d 463, 328 N.E.2d 672.) Similarly, at bar, plaintiff's failure to recall the receipt of the notices, without sufficient excuse, and without allegations that the notices were not sent, cannot support the vacatur of the dismissal order.

Third, it is noteworthy that although plaintiff alleged he did not recall receiving notice of the May 12, 1978, order, he did not claim to be unaware of the May 15, 1978, notice to appear at a June 8, 1978, deposition. Thus, even had plaintiff's affidavits claimed that as a result of a neurological disorder he was unaware of the May 12, 1978, order, they did not purport to show that he was unaware of the deposition scheduled for June 8, 1978; yet, he failed to appear. This failure to comply some eleven months after the initiation of the numerous requests, even assuming plaintiff was unaware of the May 12, 1978 order, shows a continuing disregard for discovery procedures. See *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 361 N.E.2d 36.

■■ Plaintiff contends that because defendant did not submit responsive pleadings or affidavits to his section 72 petition or the accompanying affidavits, the facts alleged in both must be taken as true, citing *M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 375 N.E.2d 560. Although this proposition is correct, the court in *Pallas* also stated that a section 72 petition may be challenged at any time for failure to state a claim upon which relief can be granted. (59 Ill. App. 3d 504, 510.) Our decision is in accord with these principles. Assuming the truth of the factual allegations in the petition and affidavits, there has been a failure nevertheless to explain the noncompliance with the 1977 discovery requests or the May 15, 1978, deposition notice. Further, plaintiff's alleged failure to recall receipt of the May 12, 1978, and July 18, 1978, orders has not been shown to have been in consequence of the concededly intermittent neurological disorder.

■■ Courts are reluctant to impose the sanction of dismissal for noncompliance with discovery rules; however, such a sanction is appropriate where the offending party demonstrates a contumacious or an unwarranted disregard for the court's authority. (*Sanchez v. Phillips*.) Violations of procedural rules intended to expedite the disposition of litigation cannot be ignored, particularly in light of the existing and ever growing backlog of cases confronting our courts. Section 72 petitions must not be utilized for relief in the face of inexcusable neglect in complying with rules and orders of court designed to ameliorate this burgeoning problem. (*Danforth v. Checker Taxi Co.* (1969), 114 Ill. App. 2d 471, 475-76, 253 N.E.2d 114.) The granting or denial of a section 72 petition is generally within the trial court's discretion (see, *e.g., M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 510, 375 N.E.2d 560); yet, a trial court's vacatur of a dismissal, based upon a petition which does not set forth a sufficient excuse for the noncompliance underlying the dismissal, constitutes an abuse of discretion requiring reversal. (See, *e.g., Solomon v. Arlington Park/Washington Park Race Track Corp.* (1979), 78 Ill. App. 3d 389, 396 N.E.2d 1118; *Danforth v. Checker Taxi Co.*) Because the plaintiff here has failed to show a satisfactory excuse for the enumerated instances of noncompliance in both 1977 and in 1978, the petition was improvidently granted. For the aforesaid reasons, we are compelled to reverse the trial court's allowance of the section 72 petition.

Reversed.

PERLIN, P. J., and DOWNING, J., concur.