HARDWARE WHOLESALERS, INC., Plaintiff-Appellee, *v.* CHARLES PAUL CLEMENIC *et al.*, Defendants-Appellants.

First District (5th Division)   No. 83—1869

Opinion filed May 11, 1984.

John J. Harhen, of Mover, Harhen & Rosenberg, of Chicago, for appellants.

Lawrence Friedman, of Chicago (Louis A. Weinstock, of counsel), for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendants appeal from an order entered July 5, 1983, denying their timely motion to reconsider a judgment entered April 26, 1983, which denied a petition filed under the provisions of section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—

1401). The petition, filed January 12, 1983, sought to set aside an *ex parte* judgment for $20,000 plus interest and costs entered in favor of plaintiff on December 8, 1982, as a sanction under Supreme Court Rule 219(c) (87 Ill. 2d R. 219(c)), for defendants' failure to comply with discovery. On appeal, defendants contend the trial court abused its discretion in denying the petition to vacate the judgment of December 8, 1982, because defendants exercised diligence and demonstrated the existence of a meritorious defense; although defendants admit they were dilatory in not responding to plaintiff's request for discovery, they argue that entry of a default judgment was too harsh a sanction where other sanctions of lesser magnitude were available to the court under Rule 219.

On October 20, 1981, plaintiff filed a complaint alleging that on April 3, 1981, plaintiff sold defendants two computer systems and related equipment at a price of $20,000, for which defendants had refused to pay. John Clemenic answered that the equipment was defective and did not conform to the agreement of the parties. As an affirmative defense, he asserted that the equipment was defective and did not meet standard requirements of the industry, and that plaintiff knowingly misrepresented the condition of the equipment at the time of the sale with the intent to induce defendants to purchase the equipment and that defendants relied on these misrepresentations.

Joan Clemenic also filed an answer, denying that the items had been sold to her, or that she had ever done business as All Data Processing Machines or All Data Machines.

On December 8, 1982, plaintiff moved for sanctions under Supreme Court Rule 219, stating the defendants had been guilty of dilatory behavior. Attached to this motion was a letter dated August 18, 1982, from plaintiff's counsel to defendants' counsel stating that a deposition of defendants set for August 11, 1982, had been continued to September 8, 1982. Another letter from plaintiff's counsel to defendants' counsel dated September 15, 1982, refers to Supreme Court Rule 201(k) and states that on September 8, 1982, counsel's secretary spoke with one of defendants' attorneys regarding whether defendants would be produced for their deposition that day as previously agreed, but "your office did not even know or claimed not to know that the depositions were so scheduled." The letter stated that the requested date of September 27, 1982, required rescheduling, and continued:

> "We will have no problem deposing your clients the following day, September 28, 1982. Given the history of this case, unless we hear from you within the week regarding an agreed final

date for the depositions, we plan on proceeding into court for appropriate sanctions."

According to the motion, on the morning of September 28, 1982, plaintiff's attorneys telephoned defendants' attorneys who stated they did not know the depositions had been rescheduled and suggested the deposition be reset for October 6, 1982; on October 6, 1982, plaintiff's attorney telephoned one of defendants' attorneys who stated he was not sure if the deposition could proceed since the attorney handling the case was out of the county that day; later that day, he stated the reason the deposition could not proceed was that he had received no confirmation letter from plaintiff's attorney regarding the October 6, 1982, date.

Also attached to the motion for sanctions was a similar letter dated October 12, 1982, from plaintiff's counsel stating, "It appears clear that you do not plan to voluntarily produce the defendants for deposition on October 20, 1982, or at any other time"; counsel requested that defendants' counsel contact plaintiff's counsel if they believed the situation could be resolved prior to the motion date, pursuant to Supreme Court Rule 201(k) (87 Ill. 2d R. 201(k)).

On December 5, 1982, defendants did not appear, and the trial court struck and dismissed defendants' pleadings and entered judgment for plaintiff for $20,000, 5% interest from April 19, 1982, and costs.

The defendants' petition to vacate stated defendants' attorneys inadvertently did not appear in court and were unable to obtain a firm date for deposition from their clients and therefore were unable to advise the plaintiff's attorneys of an appropriate deposition date; that subsequent to the entry of the December 8, 1982, order, defendants' attorneys made several attempts to locate the court file and ascertain the nature of the order entered; and that on January 11, 1983, they were still unable to locate the file and requested a photocopy of the order, which was not obtained until the following day when, for the first time, they ascertained that a judgment had in fact been entered against them. Defendants admitted that they had been dilatory in not appearing and not responding to notices of deposition, but they maintained that the entry of an order of judgment was clearly inappropriate because actions short of such an order could reasonably have been entered. Defendant also asserted that upon ascertaining that the judgment had been entered, defendants immediately contacted plaintiff's attorneys, who advised that a copy of the order had been mailed to defendants' attorneys, but that this order was not received by them. Defendants requested that the judgment be vacated and the

court fix a date for defendants' depositions to be taken.

Plaintiff filed a motion to dismiss or deny with prejudice defendants' petition to vacate the December 8, 1982, judgment on grounds that the petition at best only satisfied the requirements of pleading a meritorious defense and due diligence in filing the petition, but did not establish due diligence in presenting the defense in the original action and in fact admitted a lack of diligence in defending the case prior to the entry of judgment, and that defendants were at fault and negligent for not appearing for the deposition or in court on December 8, 1982. Plaintiff also pointed out that defendants did not explain why they did not appear in court on December 8, 1982, or why defendants' counsel did not contact plaintiff's counsel between October 12, 1982, when the motion for sanctions was served, and January 1982, one month after presentation of the motion.

In response, defendants agreed to have any order vacating the judgment conditioned upon their compliance with an order to appear for discovery, and pointed out that no court orders were ever entered in this case directing compliance with discovery.

On April 26, 1983, the court denied the petition, stating the petition did not demonstrate diligence, a meritorious defense, or any good reason to set aside the judgment. The court also stated there was continued disregard of all of plaintiff's efforts to accomplish discovery, defendants did not even appear on December 8, and defendants showed no good reason why it took over 30 days to find out what happened in court. Within 30 days, on May 24, 1983, defendants filed a motion to reconsider the order of April 26, 1983, which was denied after a hearing on July 5, 1983.

On January 26, 1984, after briefs had been filed, we granted a motion by plaintiff to dismiss the appeal on the basis that defendants had improperly filed successive post-judgment motions. Defendants filed a timely petition for rehearing to reconsider the order of dismissal. Plaintiff filed an answer and defendants filed a reply pursuant to Supreme Court Rule 367(d) (87 Ill. 2d R. 367(d)), which we have taken with the appeal for decision. We now grant defendants' petition for rehearing of the order of dismissal and vacate that order as improvidently granted. Compare *Burnicka v. Marquette National Bank* (1982), 88 Ill. 2d 527, 531, 431 N.E.2d 358, with *Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610.

■ Defendants contend they were entitled to relief from the December 8, 1982, dismissal and the trial court abused its discretion in denying the petition; plaintiff maintains that the petition at best satisfied only two of the four requirements for relief, the pleading of a

meritorious defense and due diligence in filing the petition, but did not establish either due diligence in presenting the defense in the original action and lack of negligence in not presenting a valid defense or an error of fact at the time the challenged judgment was entered. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284.) Nevertheless, it has been held that these requirements for relief need not always be applied in a strict manner and that if justice and fairness require, relief may be granted even though the requirement of due diligence has not been satisfied. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 838, 449 N.E.2d 560; *Electrical Wholesalers, Inc. v. Silverstein* (1977), 47 Ill. App. 3d 689, 692, 365 N.E.2d 375; *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.) In determining if justice was done here, the decisive issue is whether the trial court acted properly within its discretion on December 8, 1982, when it granted plaintiff's motion to enter judgment for plaintiff as a sanction for the defendants' failure to comply with plaintiff's requests for discovery.

■ The particular sanction to be imposed for a discovery violation depends upon the facts of each case and is within the discretion of the trial court; but a trial court should not impose sanctions intended primarily as punishment and a variety of flexible methods is available from which a just order—one which ensures both discovery and trial on the merits—may be fashioned. (*Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 977-78, 370 N.E.2d 119.) Entering a default judgment as a sanction for noncompliance with discovery, as we said in *Williams*, is harsh, should be employed only where a party shows "a deliberate and contumacious disregard of the court's authority," and only as "a last resort"; a default judgment "should be set aside if it will not cause a hardship for the parties to proceed to trial on the merits." (*Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 978.) The purpose of imposing sanctions is "to compel cooperation rather than to dispose of litigation as a means of punishing the noncompliant party." *Cedrick Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 1035, 402 N.E.2d 352.

■ Although the trial court, at the conclusion of the hearing on December 8, 1982, did state that the failure of the defendants "can be interpreted as intentional," we disagree. In our opinion, the trial court should have awarded plaintiff attorney fees as restitution for the expense, inconvenience and delay occasioned by defendants' actions. However, the verified answer and affirmative defense filed by defendants, if accepted by the court, unequivocally established the existence of a meritorious defense to plaintiff's underlying claim. The in-

justice of awarding plaintiff a judgment of $20,000, to which it might not be entitled on the merits, outweighs the inconvenience to plaintiff which can be made whole by an award representing restitution for inconvenience caused it by defendants. The behavior of defendants and their attorneys to plaintiff and its attorneys is certainly not to be approved or encouraged. But especially when we consider that a proper award of attorney fees, under these circumstances, would not approach $20,000 and would have reasonably compensated plaintiff for the inconvenience and delay, we judge that relief should be granted.

The record does not show that the defendants' failure to appear for scheduled depositions was intentional, but we agree that a refusal by defendants to appear for depositions under the circumstances here would have justified the drastic sanction of default. (*Amoco Oil Co. v. Segall* (1983), 118 Ill. App. 3d 1002, 455 N.E.2d 876; *George William Hoffman & Co. v. Capital Services Co.* (1981), 101 Ill. App. 3d 487, 428 N.E.2d 600.) However, our review of the record indicates that the trial court clearly abused its discretion in entering a default judgment against defendants since defendants' conduct here did not approach the deliberate and contumacious disregard of the court's authority required to uphold such a drastic sanction. Setting aside the default judgment on condition that defendants appear and submit to depositions, as offered by defendants, coupled with a requirement that defendants make plaintiff whole by paying the attorney fees occasioned by their neglect and inadvertence, would have compelled cooperation by defendants without punishing them so severely and would not have caused unreasonable hardship on plaintiff. This is not to say that such a drastic sanction would be inappropriate if defendants subsequently act in a similar manner.

We grant defendants' petition for rehearing to reconsider our order of January 26, 1984, dismissing this appeal and vacate said order.

Further, the judgment of the circuit court of Cook County denying defendants' motion to vacate the December 8, 1982, order is reversed. The cause is remanded to the circuit court of Cook County with directions to proceed in a manner not inconsistent with the views expressed in this opinion.

Reversed and remanded.

SULLIVAN and WILSON,* JJ., concur.

---

*This opinion was adopted as the opinion of the court prior to the death of Mr. Justice Wilson.