ELDORADO TOWERS BY SHAF, INC., Plaintiff-Appellant, v. CHICAGO TITLE AND TRUST COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—280

Opinion filed April 14, 1989.

Kenneth M. Lodge, of Magee, Collins & Lodge, of Chicago, for appellant.

Diane M. Romaniuk, of Chicago, for appellee Chicago Title and Trust Company.

Morton Denlow and Richard C. Jones, Jr., both of Dardick & Denlow, of Chicago, for appellee Bank of Lincolnwood.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Eldorado Towers By Shaf, Inc. (Eldorado), appeals from an order of the circuit court of Cook County dismissing its complaint in a case involving a land trust. On appeal, it argues that the trial court erred in refusing to apply section 9—311 of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 9—311) to an assignment of a beneficial interest.

The undisputed facts are that by a trust agreement dated May 1, 1979, the defendant, Chicago Title and Trust Company (Chicago Title) is trustee and holder of legal title to a parcel of real estate in Highland Park, Illinois. The beneficiaries of the trust are Randall and Susan Shaf as to an undivided one-half interest and Arthur and Margaret Goebelt as to the other undivided one-half interest.

On July 28, 1980, the Shafs and Goebelts executed a collateral assignment of their beneficial interests in the trust to the defendant, Bank of Lincolnwood (Lincolnwood), to secure a note made by the trust and payable to the bank in the amount of $800,000 and a note payable to the Glenview State Bank in the amount of $150,000. Under the terms of the assignment, the Shafs and Goebelts directed Chicago Title not to accept any assignments of the beneficial interest in the trust without Lincolnwood's written consent. More specifically, the provision states that "[t]he Trustee shall not permit any assignment or any further collateral assignment without the Bank's written consent." The collateral assignment also provides that "[n]o assignment of any beneficial interest shall be binding on the Trustee until the original or executed duplicate of the assignment is delivered to the Trustee and accepted by it in writing."

On October 10, 1982, the Shafs purported to assign their beneficial interest to Vamstd Homes, Inc. On September 17, 1986, Vamstd Homes purported to assign its beneficial interest in the trust to plaintiff Eldorado. Neither assignment has ever been consented to by Lincolnwood, nor accepted by Chicago Title.

On December 4, 1986, Eldorado filed a two-count complaint naming Chicago Title and Lincolnwood as defendants. The first count, which alleged a cause of action for replevin, was withdrawn on January 8, 1987. The second count, which sought a declaration that Lincolnwood had no right to bar the assignment of the beneficial interest in the trust to Eldorado and that Chicago Title was obligated to rec-

ognize Eldorado as the beneficiary of an undivided one-half interest in the trust, was dismissed, upon motion by defendants, with prejudice on July 8, 1987, by Judge Richard Curry.

On August 4, 1987, Eldorado mailed a notice of motion and motion for rehearing to defendants and set same for hearing in the court's motion book. However, the notice and motion were not filed with the clerk of the court until August 12, more than 30 days after the July 8 dismissal of Eldorado's complaint, and without leave of court. Thereafter, on August 18, Eldorado filed a motion before Judge David Shields entitled "Motion For Relief From Final Judgment Pursuant to Chapter 110 Section 2—1401," requesting that the court enter "an Order granting relief from the final judgment entered in this action, permitting this Court to proceed with the hearing on the motion to reconsider previously filed herein." On August 20, Judge Shields granted Eldorado's motion for rehearing "pursuant to the Court's general equitable powers." On December 16, Judge Curry, after a hearing, denied Eldorado's motion for rehearing, and this appeal followed.

On appeal, defendants have challenged our jurisdiction to hear this matter. Specifically, they contend that we must dismiss this appeal because Eldorado's motion for rehearing was not filed within 30 days of the entry of the July 8 order dismissing its complaint and its section 2—1401 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) was not directed against the final order and therefore was not sufficient to reinstate the jurisdiction of the trial court.

■ Under section 2—1203(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203(a)), a motion for rehearing must be filed within 30 days from the entry of a judgment or within any further time the court may allow within the 30 days or any extensions thereof. A motion for rehearing filed more than 30 days after the entry of a judgment is not timely and the trial court's jurisdiction over the case and appellate court's potential jurisdiction over it are not extended. *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 470 N.E.2d 290.

■ Eldorado recognizes the application of section 2—1203(a) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203(a)), but contends that the granting of relief to it under section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) was proper because defendants were not prejudiced in any manner, having had notice of its motion for rehearing within 30 days. Section 2—1401 provides for relief from final orders after 30 days from their entry. It abolishes the old common law writs of error *coram nobis* and other remedies for relief from final orders and judg-

ments after 30 days from their entry and provides for such relief by the filing of a petition supported by affidavit. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.) To be entitled to relief based on this section, a party must show the existence of a meritorious defense or claim in the original case, due diligence in presenting the defense or claim in the original action, and that through no fault or negligence on his own an error of fact or valid defense or claim was not made to appear at the time the challenged judgment or order was entered. Due diligence must also be shown in filing the petition for relief under section 2—1401. See *Lazzara v. Dreyer Medical Clinic* (1983), 120 Ill. App. 3d 721, 458 N.E.2d 958.

■ Here, Eldorado's motion for relief pursuant to section 2—1401 merely asserts that it had caused its motion to reconsider (motion for rehearing) to be served on August 4 indicating it would be heard on August 20; that it neglected to have a copy of the motion filed with the clerk of the court on the same date the motion was set for hearing; that its failure to file its motion with the clerk was inadvertent and not intended to cause hardship, delay or confusion; and that it will be irreparably harmed if it is not permitted to proceed with the motion to reconsider, which motion will serve to clarify certain issues which should be raised in the trial court. The affidavits of an attorney and a law student are attached to the motion.

We find that Eldorado's motion simply does not demonstrate a meritorious claim that was not presented in the original action, as required by section 2—1401. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 449 N.E.2d 560.) Nor does its motion attack the final judgment; it does not request that the trial court vacate the order dismissing its complaint but rather merely requests that the court excuse its tardiness in filing its motion for rehearing. It is well settled that "[s]ection 2—1401 is not intended to provide a review of an order from which a party could have appealed within the time fixed by rule, and cannot be invoked as a substitute for a party's right to appeal." (*Chovan v. Floor Covering Associates, Inc.* (1987), 159 Ill. App. 3d 447, 449, 512 N.E.2d 801.) Furthermore, the motion was not brought before the trial judge (Judge Curry) who rendered the original judgment. A person seeking to vacate a judgment of dismissal more than 30 days after entry is required to bring a motion for such relief before the judge who rendered the original judgment. (*Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 454 N.E.2d 806.) Here, Eldorado brought the motion before Judge Shields, instead of Judge Curry, who rendered the original judgment.

■ Notwithstanding the foregoing, Eldorado also argues that its

motion to reconsider was timely "filed" by virtue of it having been mailed on August 4, within 30 days after its complaint was dismissed. Eldorado relies on *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, where our supreme court held that notices of appeal from final orders of the circuit court mailed within the required 30-day period and received thereafter by the clerk of the circuit court are timely filed. (126 Ill. 2d at 340.) In so holding, the court stated:

> "A notice of appeal, unlike many other papers filed in the circuit court, is closely related to the appellate process; when timely filed it divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. [Citation.] It is therefore appropriate that the pro-mailing policy of Rule 373 should be applied to the filing of a notice of appeal under Rule 303(a). Moreover, a liberal pro-mailing policy is more equitable, since it places smaller firms which may lack telefax machines and messenger services on an equal footing with their larger competitors." 126 Ill. 2d at 341-42.

Eldorado would have this court apply the above-cited mailing rule under the circumstances here. However, we note that the court in *Harrisburg-Raleigh Authority* specifically stated that it was expressing no opinion as to whether the rule would apply to other papers filed in the circuit court, such as post-trial motions. We need express no opinion either since a *mailing* of Eldorado's motion for rehearing, *addressed to the clerk of the court*, and receipt thereof by the clerk is not at issue here. What is at issue is whether Eldorado's placing the motion in the trial court's motion book, setting the motion for a hearing date, and *mailing* a copy of the notice and motion *to defendants* is the equivalent of *filing* same *with the clerk of the court*. Clearly, it is not.

Accordingly, in light of the cited provisions of the Illinois Code of Civil Procedure and case law applying them, we must dismiss Eldorado's appeal. We therefore do not address the issue of whether the provisions of the Uniform Commercial Code apply to this matter.

Appeal dismissed.

PINCHAM and COCCIA, JJ., concur.