CLYDE PRICE, Plaintiff-Appellant, v. GREFCO, INC., Defendant and Third–Party Plantiff-Appellee (Great Lakes Carbon Corporation, Third-Party Defendant).

Fourth District   No. 4—89—0047

Opinion filed August 17, 1989.

James Walker, Ltd., of Bloomington, for appellant.

Kenneth M. Snodgrass, Jr., and Kevin M. Miller, both of Goldsworthy, Fifield & Kasselberg, of Peoria, for appellee.

JUSTICE GREEN delivered the opinion of the court:

This appeal is from an order of the circuit court of McLean County entered on July 7, 1986, dismissing, in bar of action, claims brought by one of the plaintiffs to the case, Clyde Price, against one of the defendants, Grefco, Inc. The dismissal was granted as a sanction against Price for his failure to provide Grefco with authorizations for certain out-of-State medical providers to furnish Grefco with documents concerning treatment given by them to plaintiff, all as previously ordered by the court. The parties agree there is no statute or supreme court rule which expressly authorizes a court to order a party to execute such an authorization, and neither party has presented any precedential decision by a court of review of this State passing upon the propriety of such an order.

The parties agree that some trial courts in this State have been entering such an order. They indicate a definitive holding as to the propriety of such an order is desirable. However, because of the limited record presented to us in regard to this issue, we do not deem an attempt to write such an opinion is appropriate, but we do affirm the judgment of the circuit court.

On April 20, 1981, this litigation was commenced when plaintiff Price and four others brought suit against defendant Grefco and others seeking damages against defendant Grefco and others for personal injuries allegedly resulting from plaintiff's exposure to a diatomaceous earth product supplied by Grefco. After issue was joined and some discovery had been obtained by Grefco, on March 14, 1986, Grefco filed a motion for "execution of Medical Authorization" requesting that plaintiff be compelled to execute a medical authorization in order to allow defendant to obtain "medical bills, X-rays, records, reports, biopsy samples, tissue samples, and other documents and materials" currently in the possession of certain out-of-State medical providers

who had treated plaintiff. On March 18, 1986, after a hearing, the court issued an order requiring Price to execute such an authorization within 20 days. The order contained a provision that Grefco, Inc., "submit the medical authorization to the Plaintiff's counsel for Plaintiff's execution."

The record does not indicate any such authorization was ever executed by Price. On April 19, 1986, Grefco requested the court sanction Price for his failure to do so. On May 20, 1986, following a hearing, the court again ordered Price to execute such an authorization and provided the cause by Price against Grefco would be dismissed if this were not done. On June 16, 1986, Grefco filed a motion alleging Price had still failed to present the authorization, and on July 7, 1986, the court entered the order of dismissal now on appeal. After all other claims of all other parties were disposed of, plaintiff filed a timely notice of appeal on January 13, 1989.

Section 2—1003(a) of the Code of Civil Procedure provides that "[d]iscovery, admissions of fact and of genuineness of documents and answers to interrogatories shall be in accordance with rules." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1003.) Supreme Court Rule 201(a) lists as the methods of obtaining discovery "depositions upon oral or written questions, written interrogatories to parties, *discovery or inspection of documents* or property, and physical and mental examination of persons." (Emphasis added.) (107 Ill. 2d R. 201(a).) Supreme Court Rule 214 sets forth the procedure whereby a party can require another party to produce documents in the possession of that other party. (107 Ill. 2d R. 214.) That rule also sets forth that an independent action may exist for production of relevant documents and things against one not a party to the suit. Where, as here, the entity having possession of the documents is not subject to process in this State, obtaining such documents is dependent upon legislation or rules of court in that other State similar to Supreme Court Rule 204(b) concerning actions in this State to depose witnesses in regard to litigation in another State. 107 Ill. 2d R. 204(b).

As we have indicated, the foregoing does not give express authority for an order requiring a party to give authorization of the type ordered here. However, Illinois discovery procedures are intended to be flexible and broadly construed. (*Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 221 N.E.2d 410; *Wilson v. Norfolk & Western Ry. Co.* (1982), 109 Ill. App. 3d 79, 440 N.E.2d 238.) Because of the difficulties of obtaining inspection of documents in the possession of out-of-State third parties, we do not hold that an order upon a party requiring an authorization for inspection and copying of objects in the

possession of a third party is always improper. No doubt safeguards are necessary in most cases. Those safeguards can usually be obtained by a party required to give an authorization order by use of Supreme Court Rule 201(c) providing for "protective orders" and court supervision of the discovery process. 107 Ill. 2d R. 201(c).

◾ Here, Grefco's motion of March 14, 1986, requesting the order for authorization alleged: (1) plaintiff had been treated at Mayo Hospital, St. Mary's Hospital in Minnesota, and "by other physicians while he lived in Ohio"; (2) an Illinois subpoena would be ineffective to obtain medical information concerning that treatment; and (3) that information was necessary to Grefco to prepare its defense. The common law record then shows that on March 18, 1986, the court entered an order which: (1) ordered plaintiff to "execute a medical authorization within 20 days" thereafter; (2) ordered Grefco to "submit the medical authorization to Plaintiff's counsel for Plaintiff's execution;" and (3) recited: "this ruling is made over the Plaintiffs [sic] objection." No report of proceedings concerning the hearing where the order was entered was filed.

On the basis of the described record, we cannot hold the entry of the March 18, 1986, order to be error. The record does not indicate the nature of plaintiff's objection. It may well have concerned a matter which could have been corrected if pointed out. Plaintiff requested no order of protection. On appeal, plaintiff maintains the order required the health care providers to send to Grefco "biopsy samples, tissue samples, and X-rays" and authorized Grefco's attorneys to have *ex parte* conferences with plaintiff's doctors all contrary to the ruling set forth in *Petrillo v. Syntex Laboratories, Inc.* (1986), 148 Ill. App. 3d 581, 499 N.E.2d 952, *cert. denied sub nom. Tobin v. Petrillo* (1987), 483 U.S. 1007, 97 L. Ed. 2d 738, 107 S. Ct. 3232. We will return to discussion of this contention later. However, the record concerning the entry of the March 18 order and the order itself give no indication the court required the authorization to include the matters to which plaintiff objects on appeal.

After showing the entry of the March 18, 1986, order the next item in the record pertinent here is the April 17, 1986, motion of Grefco for a sanction against plaintiff for his "failure to execute a medical authorization" enabling Grefco to "obtain medical records of medical providers outside the State of Illinois." The motion alleged Grefco believed the records were "relevant" and vital to its case, and plaintiff's counsel had informed Grefco's counsel that such authorization would not be supplied. The record then shows an order entered on May 20, 1986, reciting that due notice has been given plaintiff and

ordering plaintiff to execute an authorization as per the court order of March 18, 1986, "within 11 days" with the cause to be dismissed upon failure of plaintiff to do so. Still later, Grefco filed a further motion for sanctions on June 16, 1986, reciting plaintiff's failure to abide by the May 20, 1986, order and requesting dismissal. Finally, the record shows service on plaintiff of a notice of a July 7, 1986, hearing on the latest motion for sanction and an order, purportedly entered after a hearing, dismissing plaintiff's cause of action against Grefco with prejudice on July 7, 1986.

■■ ■ Dismissal of a cause of action with prejudice is a severe remedy which must be exercised with discretion. (*Wilkins v. T. Enterprises, Inc.* (1988), 177 Ill. App. 3d 514, 532 N.E.2d 469; *Mueller v. Insurance Benefit Administrators, Inc.* (1988), 175 Ill. App. 3d 587, 529 N.E.2d 1126.) Nevertheless, here, no report of proceedings was filed in regard to either the May 20, 1986, or the July 7, 1986, hearings upon which the orders of those dates imposing sanctions were entered. In the absence of a report of proceedings or other matter of record showing to the contrary, we may presume that the trial court acted within its discretion, and the matters presented support the imposition of the sanction. (*Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246; *Pinsker v. Kansas State Bank* (1986), 142 Ill. App. 3d 216, 491 N.E.2d 826.) Such was the situation here.

■ One more item, raised by plaintiff, requires our consideration. At the time of filing notice of appeal on January 13, 1989, plaintiff also filed in the trial court an affidavit of his counsel accompanied by two exhibits. The affidavit stated that the exhibits were (1) a letter from one of Grefco's counsel received by the affiant on March 21, 1986; and (2) the proposed form of authorization referred to in the letter. The letter merely stated that enclosed was a medical authorization to be signed by plaintiff. The alleged proposed authorization stated:

> "You are hereby authorized to furnish and release to, GOLDSWORTHY and FIFIELD, all information, records, bills, x-rays, pathology samples and tissue slides in your possession concerning findings, treatments rendered and opinions as to Clyde Price.
>
> The foregoing authority shall continue until revoked by me in writing. Dated _____, 1986,
>
> _____.
>
> Clyde Price"

The affidavit stated the foregoing was the only proposed authorization ever received by plaintiff's counsel.

Nothing in either the record or the affidavit indicates the proposed authorization was ever presented to the trial court at the time it ruled upon Grefco's requests for sanction by way of dismissal of the cause. Had this proposed authorization been before the trial court at the appropriate times, we would be concerned with the breadth of the discovery requested, particularly the reference to releasing pathology samples to Grefco. However, we do not agree with plaintiff's contention that the proposed authorization would have permitted Grefco's counsel to have an *ex parte* interview with plaintiff's physicians.

In any event, plaintiff had the responsibility to present the information purporting to justify its refusal to give the authorization to the trial court and to see that a proper record was made. If this information were timely presented to the trial court and no report of proceedings could be obtained, plaintiff should have presented a bystander's bill pursuant to Supreme Court Rule 323(c). 107 Ill. 2d R. 323(c).

On the basis of the record presented, we must affirm.

Affirmed.

KNECHT and SPITZ, JJ., concur.