JACOB H. SHAPIRA, Plaintiff-Appellee, v. LUTHERAN GENERAL HOSPITAL *et al.*, Defendants-Appellants.

First District (2nd Division)   Nos. 1—89—1035, 1—89—1036 cons.

Opinion filed May 22, 1990.

Cassiday, Schade & Gloor, of Chicago (Rudolf G. Schade, Jr., Timothy J. Ashe, and Steven P. Garmisa, of counsel), for appellant Lutheran General Hospital.

Lord, Bissell & Brook, of Chicago (M.J. Yardley, Hugh C. Griffin, and Nancy Shaw, of counsel), for other appellants.

Holstein, Mack & Klein, of Chicago (John M. Mack, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

This consolidated defendants' appeal is from the circuit court's order granting plaintiff's section 2—1401 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) (section 2—1401) petition to vacate the dismissal of his medical malpractice suit with prejudice, claiming that the circuit court abused its discretion in allowing the vacatur.

The alleged malpractice took place on November 7, 1980. On November 8, 1982, plaintiff, Jacob H. Shapira, filed an eight-count negligence and medical malpractice complaint against defendant Lutheran General Hospital (Lutheran General) and defendants Dr. Khushroo Patel, Dr. T.K. Raghunath and Dr. Robert Gordon (sometimes collectively defendant doctors). On November 5, 1984, following a pretrial

conference, the circuit court entered orders for taking depositions of parties and nonparties, and identification and depositions of experts, within certain time limits. February 10, 1985, was the time limit set for disclosing and deposing experts. Plaintiff failed to comply. On May 20, the court again ordered plaintiff to disclose any experts' names by October 18, 1985, who also were to be deposed by that date. Once again, plaintiff did nothing. Another court order, entered October 18, extended plaintiff's disclosure date to July 10, 1986, stating that any expert not so disclosed and deposed by that date would be barred under Supreme Court Rule 220 (107 Ill. 2d R. 220). All discovery was to have been closed by that date. This order, too, was ignored by plaintiff. The final order, addressing discovery and expert disclosure and deposing, gave plaintiff until October 1, 1986, to comply. This order also set March 11, 1987, as the parties' final pretrial conference date. Plaintiff, therefore, was given over one year to disclose and depose his expert, but failed to do so. Nothing was filed of record advising the court, either before or after entry of any of the foregoing orders, that plaintiff did not intend to utilize the services of an expert.

Defendant doctors, on October 14, 1986, sent plaintiff a notice of motion to dismiss the cause of action for failure to obey discovery orders.[1] In the motion, defendants argued that plaintiff had repeatedly disregarded the court's orders to identify his expert and that dismissal was warranted because defendants were unable to properly prepare their case for trial. In the alternative, they asked that any expert later produced by plaintiff be barred if dismissal was not appropriate. On October 31, 1986, the circuit court continued the hearing on the motion until November 25, 1986. On that date, more than four years after plaintiff's complaint had been filed, the court dismissed plaintiff's cause of action with prejudice. No one from plaintiff's law firm attended this hearing; significantly, one of plaintiff's counsel had drafted the order setting the hearing date. One of plaintiff's counsel also attended a November 3, 1986, pretrial conference, when the forthcoming motion hearing date was discussed. In the record are copies of two letters sent by defense counsel on December 1 and 3, 1986, enclosing copies of the November 25, 1986, dismissal order. The second letter was sent in response to a telephone request initiated by one of plaintiff's counsel who asked about the result of the dismissal motion, and also asked that another copy of the order be sent to him.

---

[1]Lutheran General apparently orally joined in defendant doctors' motion at the ensuing hearing. This joinder is not reflected in the record; however, plaintiff does not dispute its propriety.

Defense counsel's assertions in this regard are supported by an affidavit filed with the court. No countervailing affidavit was filed on plaintiff's behalf.

Plaintiff's counsel nevertheless appeared before the pretrial judge on March 11, 1987. There he was again informed of the November 25, 1986, dismissal, this time by the judge who, counsel admits, also showed him a copy of the dismissal order. Another order noting the previous dismissal was entered by the pretrial judge on November 11, 1987. More than seven months later, on October 29, 1987, plaintiff filed an untitled and unsupported motion to vacate the dismissal, arguing that he never violated any orders because he was not going to call any experts, but only plaintiff's treating doctor. Plaintiff asserted that defendants knew of this intention.

On January 5, 1988, the court struck plaintiff's motion, but granted him leave to file a section 2—1401 petition within 30 days. Several days after the petition was to have been filed, on February 10, 1988, plaintiff filed a motion to extend time. The reason given for the newly requested extension was the "[p]ress of other business and shortage of personnel." No order was entered as to this motion. Nine months thereafter, on October 19, 1988, plaintiff filed the instant section 2—1401 petition, alleging that he did not need to identify any expert since plaintiff did not intend to use an expert witness, but would rely on the testimony of treating doctors. Plaintiff claimed to have relied on *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, 529 N.E.2d 525.[2] Plaintiff's asserted intent not to call an expert was not made a matter of record, however, until after dismissal of his complaint. Further, plaintiff argued that one of his attorneys could not locate the court file at the Daley Center in order to ascertain the status of the case. Although the court's computer system confirmed that the dismissal was entered, plaintiff's counsel asserted he had never seen copies of the order itself. Plaintiff's counsel conceded that due diligence was a requirement in section 2—1401 petition evaluation, but that the court, in its equitable power, could vacate the order if "unfair."

After two additional continuances, the circuit court conducted a hearing on plaintiff's section 2—1401 petition on January 5, 1989. The court specifically found that (1) plaintiff had failed to show proper diligence in bringing the petition; (2) the order dismissing the case, en-

---

[2]At the time of dismissal in 1986, *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, 529 N.E.2d 525, had not yet been decided. The appellate court decision also came after the dismissal. *Diminskis v. Chicago Transit Authority* (1987), 155 Ill. App. 3d 585, 508 N.E.2d 215.

tered by another judge, was too extreme a sanction for the discovery violation in the court's opinion; and (3) plaintiff had to show the court that it had the jurisdiction "to remedy this *** either under 1401, *** or under some other doctrine." The matter was again continued.

On March 17, 1989, the court granted plaintiff's petition, stating that the order dismissing the cause because plaintiff failed to identify an expert was erroneous since plaintiff planned to rely on his treating doctor's testimony. By timely notice of appeal, both defendant doctors and Lutheran General appeal the order.

Defendants contend that the circuit court erred in granting plaintiff's petition for relief from a final judgment pursuant to section 2–1401, because it failed to meet the statutory requirements and failed to allege proper grounds for section 2–1401 relief. We agree.

■■ Section 2–1401 provides a statutory mechanism by which a final order or judgment may be vacated more than 30 days after its entry. (Ill. Rev. Stat. 1987, ch. 110, par. 2–1401; *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220, 499 N.E.2d 1381; *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 837, 449 N.E.2d 560.) The petitioner must affirmatively set forth four elements under section 2–1401 to be entitled to relief: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting that claim or defense in the original action; (3) due diligence in presenting the section 2–1401 petition; and (4) misapprehension of the circuit court with regard to the facts, the valid defense or claim through no fault or negligence of petitioner, at the time the challenged order or judgment was entered. (*Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 148, 496 N.E.2d 1045.) A petition seeking to reinstate a claim dismissed for failure to comply with discovery also "must set forth due diligence, both prior to the dismissal and in the subsequent pursuit of the section [2–1401] remedy." *Lohja v. Checker Taxi Co.* (1980), 92 Ill. App. 3d 491, 493, 416 N.E.2d 32.

■ Section 2–1401 is not a substitute for an appeal (*Eldorado Towers by Shaf, Inc. v. Chicago Title & Trust Co.* (1989), 182 Ill. App. 3d 263, 266, 537 N.E.2d 1042), nor can it be used to shield a litigant from the consequences of his own mistakes or his counsel's negligence. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Fabian v. Norman* (1985), 138 Ill. App. 3d 507, 486 N.E.2d 335.) Relief should not be granted "in the face of *inexcusable neglect* in complying with rules and orders of court designed to ameliorate this burgeoning problem [of backlogged calendars]." (Emphasis added.) (*Lohja v. Checker Taxi Co.*, 92 Ill. App. 3d at 495.) The section 2–1401 remedy was not intended to put in issue matters that previously could have been adjudicated. (*In re Marriage of Halas*

(1988), 173 Ill. App. 3d 218, 223, 527 N.E.2d 474.) The question of whether a section 2—1401 petition should be granted lies within the discretion of the circuit court; its judgment will not be disturbed absent an abuse of that discretion. *Smith v. Airoom, Inc.*, 114 Ill. 2d at 221.

Plaintiff does not take issue with the circuit court's express finding that due diligence in bringing the section 2—1401 petition was not met, but maintains that the circuit court granted the petition pursuant to its equitable powers to achieve justice. In *Smith v. Airoom, Inc.* (114 Ill. 2d at 228-29), the supreme court described the type of conduct which entitled a defaulted party to equitable relief as fraud, fundamental unfairness, deception and unconscionable behavior on the part of the party seeking the default. Plaintiff here does not allege deception, fraud or unconscionable behavior by defendants which would entitle him to equitable relief.

Plaintiff's motion asserts that defendants were aware of plaintiff's intention of calling only the treating doctor instead of an expert. This claim lacks credible support. The motion baldly states that "[i]t was made known to the defendants that plaintiff intended to call no experts, but only to use treating doctors," and that "[t]his matter had been discussed with one or more of the defendants' attorneys." The supporting affidavit sets forth that counsel announced before one pretrial judge, or another, that "we would use the treating doctors or secure a surgeon if necessary who would qualify as an expert in this matter," which was "made known" to defense attorneys. No date or identity of the alleged discussants is set forth. In contrast, the affidavit of John MacRae, one of defendant's attorneys, was filed by defendants in which MacRae swore that at a pretrial hearing before Judge Passarella on November 3, 1986, which was the last hearing prior to the ruling on defendants' motion to dismiss, plaintiff's counsel David Poindexter represented to the court that the matter was being reviewed for plaintiff by an expert and plaintiff would be able to reveal that expert's identity in two weeks. Poindexter also then allegedly stated that if the expert was not supportive of plaintiff's case, defendants' pending motion to dismiss might be well taken. No countervailing affidavit was filed by plaintiff.

More importantly, plaintiff's contention mocks the bases for four orders entered by the circuit court extending over and over again the time for plaintiff to identify and depose his expert, when not one continuance for this purpose would have been necessary. Plaintiff's counsel thereby had four separate and distinct opportunities to advise the court of his intentions. Two years afterwards, he claims that he did

so; yet why did the court on each occasion enter an order directing that plaintiff name its expert, without corrective action by counsel, in particular on November 3, 1986? This record, therefore, reveals no basis to contend that defendants secured the dismissal order through the use of fraud, fundamental unfairness, or unconscionable behavior; rather, the dismissal order was the result of contradictory, inexcusable and unexplained conduct on plaintiff's behalf. None of the recognized equitable principles are implicated in the case *sub judice*.

Nevertheless, plaintiff insists that this court should overlook the due diligence requirement and evaluate the propriety of the circuit court's original order dismissing the case, citing *Hardware Wholesalers, Inc. v. Clemenic* (1984), 124 Ill. App. 3d 304, 464 N.E.2d 700. Plaintiff's reliance upon *Hardware Wholesalers, Inc.*, is entirely misplaced. There, a default judgment against defendant was obtained as a discovery sanction for failure to comply with plaintiff's requests for discovery. Plaintiff in *Hardware Wholesalers, Inc.*, never sought or secured any orders of court directing compliance with discovery requests. Here, four court orders were ignored by plaintiff, which led to the instant dismissal.

Plaintiff's reliance upon *Saeed v. Bank of Ravenswood* (1981), 101 Ill. App. 3d 20, 427 N.E.2d 858, is also unavailing. There, a dismissal order was based upon plaintiff's failure to appear for a court-ordered deposition due to his absence from the country. (*Saeed*, 101 Ill. App. 3d at 28.) There are no factual or legal similarities between that case and the case *sub judice*.

■■ ■ Plaintiff correctly argues that sanctions should not be imposed as punishment, but to compel cooperation between the parties and promote the flow of discovery. (*Conover v. Smith* (1974), 20 Ill. App. 3d 258, 314 N.E.2d 638.) Discovery is a serious aspect of litigation and careful attention must be given to prompt and orderly handling of these matters. (*Fine Arts Distributors v. Hilton Hotel Corp.* (1980), 89 Ill. App. 3d 881, 884, 412 N.E.2d 608.) Illinois courts are becoming less tolerant of violations of discovery rules and orders, even at the expense of a case being decided on the basis of the sanction imposed, rather than on the merits of the litigation. (See *Harris v. Harris* (1990), 196 Ill. App. 3d 815, 820-21.) The imposition of Rule 219(c) sanctions is a matter within the discretion of the circuit court, and its decision will not be changed absent abuse of such discretion. (*Gayton v. Levi*, 146 Ill. App. 3d at 152.) Dismissal of a complaint for failure to comply with discovery is a drastic sanction (*Price v. Grefco, Inc.* (1989), 187 Ill. App. 3d 514, 518, 543 N.E.2d 521; *Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1980), 86 Ill. App. 3d

888, 408 N.E.2d 307); however, such an action is authorized where the conduct of the offending party is characterized by a deliberate and contumacious disregard of the court's power. (*Lohja v. Checker Taxi Co.*, 92 Ill. App. 3d at 495; *Gayton v. Levi*, 146 Ill. App. 3d at 152; *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 361 N.E.2d 36; *Conover v. Smith* (1974), 20 Ill. App. 3d 258, 260, 314 N.E.2d 638.) Dismissal of this case was not an inappropriate remedy for the repeated and contumacious disregard of the multiple discovery orders entered by the circuit court. The conjectural assertion that a second judge might have ruled otherwise does not authorize the latter to overrule the former. *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 188, 446 N.E.2d 242; *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 257, 357 N.E.2d 534.

Section 2—1401 also requires diligence on the part of the party seeking post-judgment relief to pursue his remedy. (See *Lohja v. Checker Taxi Co.*, 92 Ill. App. 3d at 493; *Chovan v. Floor Covering Associates, Inc.* (1987), 159 Ill. App. 3d 447, 449-50, 512 N.E.2d 801.) At bar, the case was dismissed on November 25, 1986. Plaintiff's counsel, however, although informed about the dismissal by defense counsel in December 1986 and by yet another circuit court judge on March 11, 1987, did nothing until seven months later, October 29, 1987, when he filed an insufficient, untitled and unsupported motion to vacate the dismissal order. On January 5, 1988, the circuit court struck the motion and granted plaintiff leave to file a section 2—1401 petition within 30 days. Plaintiff did not comply even with this order, but tardily asked for a further extension of time after the 30-day period had already expired. No order is found which allowed this motion. Nevertheless, plaintiff's petition ultimately was filed 10 months later, on October 19, 1988. His counsel's explanation that this delay was the result of his being unaware of the court's dismissal on November 25, 1986, as previously noted, flies in the face of evidence that counsel was informed twice by letter and once by telephone of the dismissal by defense counsel in early December 1986, as well as plaintiff's counsel's admission in court that, by at least March 11, 1987, he knew of the dismissal, when a pretrial judge "showed [him] a copy of the order that had been entered in November [1986]." Assuming *arguendo*, plaintiff had first learned of the dismissal on March 11, 1987, no explanation is offered as to why no post-judgment action was taken until October 1987, when the untitled and unsupported motion to vacate the dismissal was filed. Clearly, plaintiff has failed to satisfy the requirement of diligence in seeking the section 2—1401 remedy. See *Gayton v. Levi*, 146 Ill. App. 3d at 152.

The decision to vacate a final order or judgment is generally within the discretion of the circuit court; however, a section 2—1401 petition is not intended to protect a litigant from his own mistake or negligence, nor to relieve him from inexcusable neglect to comply with the rules and orders of the court. Plaintiff's representatives here have not followed either the rules or court orders, nor have they shown a credible excuse for failing to do so. In addition, plaintiff failed to follow his case. "[V]acatur of a dismissal, based upon a petition which does not set forth a sufficient excuse for the noncompliance underlying the dismissal, constitutes an abuse of discretion requiring reversal." *Lohja v. Checker Taxi Co.*, 92 Ill. App. 3d at 495.

Accordingly, the circuit court's order of March 17, 1989, granting section 2—1401 relief for plaintiff is reversed, and the circuit court's order of November 25, 1986, dismissing the action is reinstated.

Reversed.

DiVITO, P.J., and BILANDIC, J., concur.