■ THOMAS H. MURRAY, JR., Respondent, v. PLESSEY INCORPORATED, Defendant, and PLESSEY COMPANY LIMITED, Appellant.— Order of the Supreme

Court, New York County, entered January 7, 1972, unanimously reversed, on the law, and a hearing directed on the motion of the defendant Plessey Company Limited to dismiss the complaint against it, with costs and disbursements to abide the event. The issue here is whether the court has jurisdiction over Plessey Limited pursuant to CPLR 301 or 302. In September, 1970 Plessey Limited, an English corporation, engaged plaintiff as a consultant to advise it on marketing its products in the United States. A provision of said agreement provided for reimbursement for plaintiff's travel and relocation expenses. The complaint alleges that as part consideration for an employment agreement with defendant Plessey, Inc., plaintiff agreed to forego reimbursement for said expenses. Because of a breach of the employment agreement, plaintiff now contends that defendant Plessey Limited is liable for travel and relocation expenses. The summons and complaint were served on Edward Skolnik, the secretary and general counsel of the defendant Plessey, Inc., a Delaware corporation authorized to do business in New York. Plessey, Ltd., moved to dismiss on the grounds that Skolnik was not authorized to accept process on its behalf, that Plessey, Ltd., does no business in New York, and that Plessey, Inc., is an independent subsidiary of Plessey, Ltd. Plaintiff argues that jurisdiction has been acquired pursuant to CPLR 301 in that Plessey, Ltd., is doing business in New York through the activities of its wholly-owned and controlled subsidiary, Plessey, Inc. However there is no showing in this record of the nature of the relationship between Plessey, Inc., and Plessey, Ltd. In short there is no showing, as required, that Plessey, Inc. is so controlled that it is merely a department of Plessey, Ltd. (*Delagi* v. *Volkswagenwerk AG*, 29 N Y 2d 426, 432; *Public Administrator* v. *Royal Bank of Canada*, 19 N Y 2d 127). Plaintiff argues further that jurisdiction has been acquired pursuant to CPLR 302 (subd. [a], par. 1) since Plessey, Ltd. has transacted business through the conduct of its agents, Plessey, Inc., and plaintiff himself. He points to a number of alleged transactions in New York by Plessey, Ltd.: an office, a number of conversations designed to lead to the marketing of its products in the United States, advertising, trading of shares on the New York Stock Exchange and the use of separate New York banks as transfer agent and registrar. All of these alleged transactions are denied by defendant Plessey, Ltd. The issue must accordingly be resolved at a hearing. Concur — Stevens, P. J., McGivern, Markewich, Steuer and Eager, JJ.