CAROLYN RYMAL, Plaintiff-Appellant, *v.* ULBECO, INC., *et al.*, Defendants-Appellees.

(No. 74-68; )

Second District (2nd Division)—November 25, 1975.

George N. Avgeris, of Hinsdale, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, and Popejoy, Nelson, Lucas & Speer, of Wheaton, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

In an action for products liability, plaintiff sued defendants seeking damages for injuries which she allegedly sustained while operating a seed packeting machine in the course of her employment.

Her first complaint named as defendants Ulbeco Incorporated, a New Jersey Corporation (Ulbeco),[1] and Gebruder Hoeller Maschinenfabrik, a German corporation (Gebruder). The complaint alleged that Ulbeco was the United States representative for Gebruder who allegedly designed, manufactured, and sold the seed packeting machine. Gebruder was served through Ulbeco in New Jersey. Thereafter, Gebruder entered a special appearance challenging the jurisdiction of the court. Plaintiff's first amended complaint joined Robert Bosch Corporation (Bosch) alleging that Bosch also designed, manufactured, and sold the machine in question. Bosch was served at its office in Illinois and Gebruder was again served, both through Bosch and Hamac-Hansella Machinery Company in New Jersey (Hamac). Bosch answered the complaint and filed a motion for summary judgment accompanied by an affidavit stating that it never sold, designed, manufactured, or distributed Gebruder products. Gebruder filed a motion to quash service of summons alleging by affidavit that the person served was not Gebruder's registered agent. Plaintiff's second amended complaint joined Robert Bosch GMBH, a German corporation (GMBH) alleging that it, too, designed, manufactured and sold the machine. GMBH was served through Hamac. Thereafter, an affidavit was filed by the person served at Hamac stating that a summons directed to Gebruder was served on him and that he was not a registered agent and had no connection whatsoever with Gebruder.

Plaintiff filed a counteraffidavit stating that Gebruder was the wholly owned subsidiary of GMBH; that advertisements and literature referred to Gebruder as a "member of the Bosch group"; that Bosch was a wholly owned subsidiary of GMBH and was likewise referred to in advertising as part of the "Robert Bosch group"; that prior to shipping the products to the U.S., products of GMBH and Gebruder are marketed, sold, and the entire transaction completed in Germany through Hamac, a wholly owned subsidiary of a wholly owned subsidiary of GMBH; that plaintiff believes there are several officials and employees common to two or more of the corporations in the group; and that all the various subsidiaries are directly controlled as divisions by GMBH. There was no direct allegation, however, refuting Bosch's claim that it had no connection with the packeting machine.

GMBH filed a special appearance and moved to quash service of process supported by an affidavit of Hamac's president in which it was stated that neither he nor Hamac is a registered agent or agent in fact for GMBH and that he was not an officer for GMBH and, finally, that Hamac is a separate and distinct corporation from GMBH.

---

[1] Ulbeco is not directly involved in this appeal.

After argument on the pleadings, the trial court found that GMBH and Gebruder were not doing business in the United States and they did not have a registered agent in the United States. The court concluded that both German corporations were, therefore, not properly served. The court granted Gebruder's and GMBH's motions to quash service of process and Bosch's motion for summary judgment. On appeal, plaintiff contends that the trial court erred in granting these motions.

■■ In its brief, plaintiff does not directly address the issue of the alleged error in granting Bosch's motion for summary judgment. As a consequence, we are without full argument on this point. A review of the pleadings, however, indicates that the trial court was correct in its ruling. A motion for summary judgment is granted where there is no issue as to any material fact and that moving party is entitled to judgment as a matter of law. Where facts contained in the affidavit in support of a motion for summary judgment are not contradicted by counteraffidavit, such facts are admitted and must be taken as true. (*Heidelberger v. Jewel Companies, Inc.*, 57 Ill.2d 87, 92-93 (1974); *Janes v. First Federal Savings & Loan Association*, 11 Ill.App.3d 631, 640 (1973).) In the instant case, Bosch was sued in its capacity as designer, manufacturer and seller of the packeting machine which allegedly caused plaintiff's injuries. Bosch's answer and affidavit denied this allegation stating that, in fact, the corporation had no connection whatsoever with the packeting machine in question. Plaintiff's counteraffidavit (apparently responding to both the motion for summary judgment and motions to quash service) only by remote implication countered Bosch's allegation. The counteraffidavit merely stated in a conclusory manner that Bosch sold products of GMBH; it did not assert that there was a connection between Bosch and the packeting machine. Since Bosch's statements in its affidavit were never denied, they stand admitted as true. No question of material fact remained, therefore, and the trial court correctly granted Bosch's motion for summary judgment.

Plaintiff's argument that the trial court erred in granting Gebruder's and GMBH's motion to quash service is premised on Hamac's being a proper agent for service of process on the two German corporations.

Section 13.3 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 13.3) provides for service on a corporation as follows:

"A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of said corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals."

Section 16(1) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 16(1)) provides in part as follows:

"Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; * * *."

Plaintiff concedes that Gebruder has no registered agent in the United States, and does not contest the affidavit of Hamac's managing agent which asserts that he is not an officer of Gebruder. Likewise, plaintiff concedes that neither Hamac nor its president is the registered agent of GMBH and that Hamac's president is not an officer of GMBH. The issue before this court, therefore, is whether Hamac is an agent in fact for both these corporations. Plaintiff contends that such an agency exists due to the interrelation of the various corporations, and bases such conclusion on allegations that various of the corporations were advertised and therefore publically identified as being one group; that the wholly owned subsidiaries were so directly controlled by GMBH that the fact of separate incorporation of each did not vitiate their collective identity and functioning. Plaintiff reasons that service on Hamac, a subsidiary, was therefore valid service as to Gebruder and GMBH.

To put plaintiff's argument in perspective, we outline (based upon the affidavit of the United States' counsel) that structure of the relevant parts of the conglomerate to various of the corporations involved in the "Bosch group." GMBH wholly owns Robert Bosch Verpackungsmachinen GMBH (not involved in this suit). Robert Bosch Verpackungsmachinen in turn wholly owns Hamac Hoeller GMBH, the successor (after merger in 1973) of Hamac-Hansella GMBH, and Gebruder Hoeller GMBH which acquired defendant Gebruder in 1964. Hamac-Hoeller GMBH wholly owns the alleged agent, Hamac whose stock is issued in the name of Hamac-Hansella GMBH. Plaintiff argues that a wholly owned subsidiary is the agent to both its immediate parent and to the parent corporation three times removed.

■■ The mere fact that a corporation is owned by another corporation does not render the subsidiary a proper agent for service of process upon the parent or, as here contended, the great-grandparent corporation (*Murray v. Plessey Inc.*, 338 N.Y.S. 2d 311, 312, 40 App. Div. 2d 811 (1972); *Delaware Valley Surgical Supply Co. v. Geriatric & Medical Centers, Inc.*, 450 Pa. 239, 299 A.2d 237, 239 (1973)), where it was held that service on a parent corporation was not proper as to certain subsidiaries although chairman of the board of the parent, upon whom service was had, was also officer of the subsidiaries (*McLean v. Goodyear Tire & Rubber Co.*,

85 F.2d 150, 151 (5th Cir. 1936); *Ledlow v. Goodyear Tire & Rubber Co.*, 238 Ala. 35, 189 So. 78, 80 (1939); *Krane v. Gravely Motor Plow & Cultivator Co.*, 69 N.Y.S. 2d 175, 272 App. Div. 90 (1947)). Where the facts indicate that one corporation so controls the affairs of another corporation that the two entities are essentially one, the court will disregard the corporate entities and hold service of process on one corporation effective as to the others. (*General Acc., Fire & Life Assur. Corp. v. Goodyear Tire & Rubber Co.*, 25 N.Y.S. 2d 68, 69 (1940).) Such a factual situation is not presented in the instant case.

■■ Plaintiff, in her counteraffidavit, makes conclusory allegations that the corporations are in fact inseparable. Against these statements are affidavits of various persons stating that the various corporations are, in fact, separate in structure and in function. The affidavit of the United States' counsel states that products of GMBH, Gebruder, and its successor, are entirely different, marketed and sold independently; that Hamac does not deal in GMBH products, and that sales of Gebruder products accounted for only a small proportion of Hamac's sales; that Gebruder and Hamac have no directors, officers, or employees in common, and that the individual products of each of the corporations in the Bosch group are clearly advertised in sales literature by the names of the corporation or by respective tradenames or trademarks. It is clear that Hamac did not function as an agent for either of the two defendants and that the mere fact of ownership does not create such an agency.

We find that the trial court correctly granted GMBH's and Gebruder's motions to quash process served through Hamac.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.