Samual J. BETAR, Plaintiff,

v.

DE HAVILLAND AIRCRAFT OF CANADA LTD. and De Havilland Canada, Inc., Defendants.

No. 77 C 1912.

United States District Court, N. D. Illinois, E. D.

Oct. 20, 1977.

Leonard M. Ring & Assoc., Chicago, Ill., for plaintiff.

Kenneth Miller, Chicago, Ill., for defendants.

## DECISION ON PLAINTIFF'S MOTION TO REMAND

McMILLEN, District Judge.

Plaintiff has moved to remand this case to the Circuit Court of Cook County, Illinois from which it was removed by defendants. The plaintiff has joined in the motion of defendant De Havilland Canada, Inc., an Illinois corporation, to dismiss, leaving the

sole defendant as De Havilland Aircraft of Canada, Ltd., a Canadian corporation with its principal place of business in Downsview, Ontario.

■ Plaintiff contends that although Betar as Public Administrator is a citizen of Illinois, citizenship should be determined by the beneficiaries of the estate. This is based principally upon a statement in *Miller v. Perry*, 456 F.2d 63 at p. 68 (4th Cir. 1972). *Miller* was decided on the ground that an administrator under the law of North Carolina is a ministerial officer. His role is purely nominal and his presence in the case was primarily a device to avoid diversity jurisdiction.

The role of an administrator under Illinois law, however, is quite different. *Ill. Rev.Stat.* (1975) Ch. 3. Furthermore, under Ch. 70, § 2, he is a necessary party to a death action in the absence of an executor.

We believe the decision in *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931) controls. This suit is therefore one between an Illinois citizen and a foreign corporation. For that reason we have jurisdiction and should not remand this case to the Circuit Court of Cook County, Illinois.

Since we have diversity jurisdiction in this case, we now turn to the motion of defendant De Havilland Aircraft of Canada, Ltd. to dismiss for lack of jurisdiction over its person. Service on this defendant was attempted by serving an employee of De Havilland Canada, Inc., a Delaware corporation with its principal place of business in Rosemont, Illinois. The parent corporation is the sole stockholder of this subsidiary, and the subsidiary does nothing except sell the parent's products. Thus plaintiff contends that the subsidiary which has been served is nothing more than a branch office of the parent.

■ However, we think that the law is reasonably clear that a parent and its subsidiary often maintain their separate identities and, if they do, they must be individually served with process. In *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925), the Supreme Court upheld dismissal for lack of jurisdiction over the defendant where service was made on a wholly owned subsidiary of the parent. The court found that so long as the two corporate identities were "not pure fiction," service on a subsidiary did not constitute service on the parent which owned all of the stock. *Id.* at 337, 45 S.Ct. 250. The maintenance of separate records, separate offices and a *bona fide* business purpose controlled.

Plaintiff has failed to show that these two separate corporations have failed to retain their separate identities. It has merely shown that they have common officers and a parent-subsidiary relationship. The local corporation, however, performs a different function from the parent, as is evidenced by the case at bar in which plaintiff has conceded that the parent has no responsibility for the crash which is the subject matter of this litigation.

Defendant cites *Lindley v. St. Louis-San Francisco Ry. Co.*, 407 F.2d 639 (7th Cir. 1968). However, that case involves § 13.3 of the Illinois statute governing service on corporations (*Ill.Rev.Stat.* (1975) Ch. 110, § 13.3), specifically the issue of transacting business in Illinois. This issue is not reached in the case at bar, since the subsidiary is admittedly doing business in Illinois but is not necessarily the alter-ego of the parent. Likewise in *Rymal v. Ulbeco, Inc.*, 33 Ill.App.3d 799, 338 N.E.2d 209 (2d Dist. 1975) service was quashed under § 13.3, although the court also indicated that substantial identity between the parent and subsidiary would justify service of process on one for the other. In that case, there was clearly separate identity between the two corporations, but the facts of the case illustrate the potential complexity which can be found in corporate structures. Service was made upon the subsidiary of a subsidiary in that case in an unsuccessful attempt to reach the parent. Certainly no general rule exists that service upon a wholly owned subsidiary can constitute service upon the parent.

In any event, so long as *Cannon* remains the law controlling this court, plaintiff has failed to show substantial identity between the two corporations in this case. Therefore, motion of defendant De Havilland Aircraft of Canada, Ltd. to dismiss for insufficiency of service of process is granted. F.R.C.P. 12(b)(5).