CHARLES WISSMILLER, Plaintiff-Appellee, v. LINCOLN TRAIL MO-TOSPORTS, INC., *et al.*, Defendants (Honda R&D Company, Ltd., Defendant-Appellant).

Fourth District   No. 4—89—0521

Opinion filed March 8, 1990.

Costigan & Wollrab, P.C., of Bloomington, and Shepherd, Sandberg & Phoenix, P.C., of St. Louis, Missouri (Robert W. Neirynck, Reed W. Sugg, and Rodney M. Sharp, of counsel), for appellant.

James Walker, Ltd., of Bloomington (Dean Engelbrecht, of counsel), for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant Honda R&D Company, Ltd. (R&D), appeals a circuit court order which overruled its special and limited appearance for the purpose of objecting to *in personam* jurisdiction. R&D contends it lacks sufficient minimum contacts with Illinois to justify the exercise of long-arm jurisdiction over it, and in any event, it was not properly served with process.

This litigation arose out of an accident which occurred on August 9, 1986, during an all-terrain vehicle (ATV) race at the Clark County Fair. While the plaintiff, Charles Wissmiller, was riding on a three-wheel, Honda model 250R all-terrain cycle, he allegedly fell or was thrown from the vehicle and sustained permanently disabling injuries. On December 24, 1987, Wissmiller filed a complaint against numerous defendants. His complaint was subsequently amended to allege liability on the part of American Honda Motor Company, Inc. (American Honda), and Honda Motor Company, Ltd. (Honda), which is American Honda's parent company. The counts directed to Honda and American Honda alleged a proximate cause of Wissmiller's injuries was design defects in the ATV which he was riding at the time of the accident.

On August 5, 1988, Wissmiller was granted leave to further amend his complaint by adding a seventh count, which named R&D as an additional defendant. In this count, Wissmiller again alleged the accident in which he was injured was attributable to design defects in the Honda model 250R ATV. On October 3, 1988, a summons directed to R&D was served on CT Corporation System (CT), which is American Honda's registered agent in Illinois. On the same day, CT returned this summons to Wissmiller's attorney with a statement to the effect that (1) it was not the registered statutory agent for R&D in Illinois, and (2) the Secretary of State had "no listing for this entity being either incorporated or qualified in Illinois as to date." On November 3, 1988, Wissmiller moved for a default judgment against R&D, and the court allowed this motion on November 9, 1988.

On December 8, 1988, R&D entered a special and limited appearance and filed a motion to quash service of process pursuant to section 2—301(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—301(a)). This motion alleged Wissmiller's attempt to serve R&D by serving process on CT was ineffective, because American Honda is not a *de facto* agent of R&D for the purpose of service of process. Also, R&D alleged Wissmiller's attempted service of process was ineffective because process was not served upon it through Japan's Minister of Foreign Affairs, and because the summons and com-

plaint were not translated into Japanese. R&D asserted that under the "Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters," better known as the Hague Convention (*opened for signature* November 15, 1965, 20 U.S.T. 361-73, T.I.A.S. No. 6638, 658 U.N.T.S. 163 (reprinted in 28 U.S.C.A. Fed. R. Civ. P. 4, at 130-45 (West Supp. 1989); VIII Martindale-Hubbell Law Directory, Pt. VII, Selected International Conventions, at 1-9 (1987))), both of these requirements had to be fulfilled in order for process to be validly served upon it. Alternatively, R&D contended it did not have sufficient minimum contacts with Illinois to permit the exercise of "long-arm" jurisdiction over it.

In an order entered May 25, 1989, the circuit court set aside the default judgment which it had previously entered against R&D, but overruled R&D's special and limited appearance. On July 10, 1989, this court allowed R&D's motion for leave to appeal under Supreme Court Rule 306 (107 Ill. 2d R. 306) from the circuit court order which overruled its special and limited appearance.

We conclude the circuit court's July 10, 1989, order must be reversed because R&D was not properly served with process. R&D makes a two-pronged attack on the purported service of process upon it. First, it argues the purported service of process was not valid under Illinois law because there is no evidence (1) American Honda, on whose agent the process directed to R&D was served, exercises any control over R&D, or (2) such service would have made R&D aware of the pendency of this action. R&D asserts it is doubtful one sister corporation could ever control the affairs of another sister corporation, and therefore, service of process on a sister corporation as agent of another sister corporation can never be proper as a matter of law. R&D notes in *Geick v. American Honda Motor Co.* (C.D. Ill. 1987), 117 F.R.D. 123, the court held even American Honda and Honda are not so closely related that service of process on American Honda constitutes effective service on Honda. R&D further observes CT returned to Wissmiller's attorney and to the trial court the process directed to R&D which was served upon CT in its capacity of registered agent for American Honda.

Second, R&D contends the purported service of process upon it was invalid because of nonconformity to the procedures prescribed by the Hague Convention. R&D implies the Hague Convention sets forth the exclusive methods for service of process upon parties having their principal places of business in signatory nations other than the forum nation. R&D contends the purported service of process upon it violated the terms of the Convention because process was not submitted

to Japan's Minister of Foreign Affairs for service upon R&D and because the documents served were not translated into Japanese.

Wissmiller argues the Hague Convention is inapplicable to this case, and R&D was properly served with process by means of substituted service in Illinois. Wissmiller further maintains since R&D did not file a report of the proceedings at the May 25, 1989, hearing at which the circuit court determined R&D was properly served with process, this court must presume (1) in making that ruling, the circuit court acted within its discretion, and (2) the circuit court's judgment conforms to the law and has a sufficient factual basis.

■ There appear to be no Illinois cases dealing with the question of whether a subsidiary corporation may be served with process by means of service on another corporation which is a subsidiary of a common parent. However, several cases do address the question of whether a parent corporation may be served with process through service on a subsidiary. In such cases, the focus is on whether the parent corporation is "doing business" in Illinois, which in turn depends on the relationship between the parent and the subsidiary. Among the relevant factors in determining whether the parent-subsidiary relationship establishes the parent is doing business in Illinois are (1) the control exercised by the parent over the subsidiary, (2) obligations of the subsidiary to service the parent's products, (3) inclusion of the subsidiary's name and address in the parent's advertising, (4) joint sponsorship of promotional activities, (5) interlocking directorships, (6) the sites of meeting of the subsidiary's board of directors, and (7) whether the subsidiary is authorized to prosecute trademark infringement suits in the parent's name. *Maunder v. DeHavilland Aircraft of Canada, Ltd.* (1984), 102 Ill. 2d 342, 466 N.E.2d 217; *Braband v. Beech Aircraft Corp.* (1978), 72 Ill. 2d 548, 382 N.E.2d 252, *cert. denied* (1979), 442 U.S. 928, 61 L. Ed. 2d 296, 99 S. Ct. 2857; *Schlunk v. Volkswagenwerk Aktiengesellschaft* (1986), 145 Ill. App. 3d 594, 495 N.E.2d 1114, *aff'd* (1988), 486 U.S. 694, 100 L. Ed. 2d 722, 108 S. Ct. 2104.

■ The mere existence of a parent-subsidiary relationship is insufficient to establish the close ties necessary for a subsidiary to be deemed a parent's agent for service of process. (See, *e.g., Geick*, 117 F.R.D. 123.) On the other hand, it is not necessary that a parent's control of a subsidiary be so pervasive as to make the two corporations essentially one, or to make the subsidiary an alter ego or a mere department of the parent. *Schlunk*, 145 Ill. App. 3d 594, 495 N.E.2d 1114.

■ In the present case, Wissmiller presented virtually no evi-

dence concerning the relationship between Honda, American Honda, and R&D, aside from the bare statement in his complaint that American Honda and R&D are subsidiaries of Honda. By contrast, Hiroshi Kurosawa, R&D's manager, technical administration, stated in his affidavit filed in support of R&D's special and limited appearance:

"8. *** Honda R & D Co., Ltd. is a separate and distinct corporation from American Honda Motor Co., Inc. and is a wholly owned subsidiary of Honda Motor Co., Ltd.

9. *** Honda R & D Co., Ltd. has its own Board of Directors and its own employees who determine policies and carry out the business of Honda R & D Co., Ltd.

10. *** Honda R & D Co., Ltd. does not control or supervise the daily business affairs of American Honda Motor Co., Inc. *** American Honda Motor Co., Inc. is totally autonomous from Honda R & D Co., Ltd. and each set their own policies and operate their business separate and apart from each other."

Also filed in support of R&D's special and limited appearance was an affidavit of Edward Glynn, assistant to the executive vice-president, product legal, of American Honda. In this affidavit, Glynn stated:

"7. *** American Honda Motor Co., Inc. is a separate and distinct corporation from Honda R & D Co., Ltd. *** Honda R & D Co., Ltd. does not control or supervise the daily business affairs of American Honda Motor Co., Inc."

When the statements contained in the Kurosawa and Glynn affidavits are considered in view of the bare allegation of a parent-subsidiary relationship contained in Wissmiller's complaint, it becomes apparent that the record does not support a conclusion American Honda and R&D have such a close relationship as to make American Honda R&D's agent for service of process.

The absence from the record of a transcript of the May 25, 1989, hearing does not require affirmance of the circuit court order overruling R&D's special and limited appearance. Where the parties rely solely on facts contained in the complaint and affidavits, a transcript of the hearing on a special and limited appearance is not necessary for review of the circuit court ruling thereon. (*Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 395 N.E.2d 1131.) In this case, the parties do not rely on facts other than those stated in Wissmiller's complaint and in the Glynn and Kurosawa affidavits.

The two cases on which Wissmiller relies in support of his argument as to the necessity for a transcript of the May 25, 1989, hearing

are distinguishable from the case at bar. In *Price v. Grefco, Inc.* (1989), 187 Ill. App. 3d 514, 543 N.E.2d 521, the plaintiff contended the circuit court improperly ordered him to direct a third party to release copies of his medical records and erred in dismissing his action as a sanction for his failure to do so. The plaintiff did not cause to be included in the record on appeal transcripts of any of the hearings which preceded these orders, and the record apparently contained little or nothing relevant to the question of whether the plaintiff acted properly in refusing to comply with the circuit court's discovery orders. Thus, this court could not determine from the record whether any of the matters upon which the plaintiff relied in support of his contention, that the circuit court's discovery and dismissal orders were improper, were actually presented to the circuit court before it entered those orders. In the present case, by contrast, the affidavits which R&D filed in the circuit court prior to entry of the May 25, 1989, order fully support its arguments on appeal, and R&D does not rely on any evidence other than that which the record clearly indicates was before the circuit court when it overruled R&D's special and limited appearance.

Likewise, in *Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246, the plaintiff-appellant contended an insurer waived the contractual limitation period contained in an insurance policy and, therefore, was estopped from asserting it. As a result of the lack of a report of proceedings, the record on appeal did not contain the facts relevant to the purported waiver and estoppel. Therefore, the appellate court rejected the plaintiff's waiver and estoppel argument. In the present case, unlike *Davis*, the plaintiff-appellant's contentions are not premised on facts not in the record filed in the appellate court.

■ Because we hold Wissmiller did not establish American Honda is R&D's agent for service of process, and the record is thus insufficient to support a holding R&D was properly served with process, resolution of the remaining issues raised by the parties is unnecessary to our disposition of this appeal. However, because of the possibility of further circuit court proceedings, we briefly address two of these issues. First, if American Honda were R&D's agent for service of process, compliance with the procedures for service of process prescribed by the Hague Convention would not be necessary. The Hague Convention applies only where process is actually served in a foreign country. Where service is properly effected in the forum nation, the Convention is wholly inapplicable. (*Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988), 486 U.S. 694, 707-08, 100 L. Ed. 2d 722, 735-36,

108 S. Ct. 2104, 2112.) Thus, if American Honda were R&D's agent for service of process, it would not be necessary for Wissmiller to have the complaint and summons translated into Japanese or otherwise comply with the Hague Convention.

We further observe that contrary to R&D's contentions, it has been held a defective design is a product for purposes of establishing long-arm jurisdiction over a foreign defendant. See, *e.g.*, *Wessinger v. Vetter Corp.* (D. Kan. 1987), 685 F. Supp. 769.

The circuit court's May 25, 1989, order overruling the special and limited appearance of Honda R&D Company, Ltd., is reversed. This cause is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

GREEN and STEIGMANN, JJ., concur.