George KING, Jr., Plaintiff,

v.

PERRY AND SYLVA MACHINERY COMPANY, Toyota Tsusho America, Inc., Meiko America, Inc., Toyota Tsusho America, Inc., c/o Meiko America, Inc., Takahashi Machinery Company, Ltd. and Fanuc, Ltd., Defendants.

No. 91 C 452.

United States District Court, N.D. Illinois, E.D.

June 7, 1991.

---

Thomas W. Stewart, Joseph R. Curcio, Ltd., Chicago, Ill., for plaintiff.

Tracy C. Beggs, Peterson & Ross, Randall Allen Carlisle, Morris & Stella, John Joseph Bullaro, Bullaro, Carton & Stone, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

George King, Jr., was injured while working with a machine he claims was manufactured, at least in part, by each of the defendants. He contends that the ma-chine was defective, and that its defects caused his injuries. He is suing the defendants to recover for those injuries. Although Mr. King filed suit in Cook County Circuit Court, one of the defendants, Fanuc Ltd., removed it to this court. Fanuc, Ltd. has also moved to quash service of process and objects to this court's assertion of in personam jurisdiction. Another defendant, Takahashi Machinery Co., has moved to transfer the case to the Central District of Illinois. For the reasons discussed below, the court denies Fanuc, Ltd.'s motion to quash service and grants Takahashi Machinery's motion to transfer the case.

*Motion to Quash Service*

Mr. King attempted to serve the defendant Fanuc, Ltd. by serving a company known as Fanuc, USA. Although the complaint is not specific, (nor, of course, need it be in order to comply with Fed.R.Civ.P. 8) Fanuc Ltd. states in its initial memorandum that certain of the component parts of the machine which allegedly caused Mr. King's injury bear its trade name. Fanuc, USA is a subsidiary of Fanuc, Ltd., and is licensed to provide maintenance service for Fanuc Ltd. products in the United States. Fanuc Ltd. claims that it is not sufficiently related to Fanuc, USA for this court to deem Fanuc USA its agent. Thus, Fanuc Ltd. argues that Mr. King should have served it pursuant to the Hague Convention, 20 U.S.T. 361, T.I.A.S. No. 663A, reprinted in 28 U.S.C., Fed.R.Civ.P. 4, app. at 142–149 991 Supp.).

The Supreme Court has held that the Hague Convention does not apply when process is served on a foreign corporation through its domestic subsidiary if state law deems that subsidiary the foreign corporation's involuntary agent for service. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). The question, therefore, is whether Fanuc, USA is, according to Illinois law, Fanuc, Ltd.'s involuntary agent.

Certainly, "where the facts indicate that one corporation so controls the affairs of another corporation that the two entities

are essentially one, the court will disregard the corporate entities and hold service of process on one corporation effective as to the others." *Schlunk v. Volkswagenwerk Aktiengesellschaft,* 145 Ill.App.3d 594, 608, 105 Ill.Dec. 39, 503 N.E.2d 1045 (1st Dist. 1986) citing *Rymal v. Ulbeco, Inc.,* 33 Ill. App.3d 799, 803, 338 N.E.2d 209 (1975), aff'd., *Volkswagenwerk v. Schlunk,* 486 U.S. 694, 108 S.Ct. 2104 (supra). Such a symbiotic relationship, however, is not necessary in order to find that the subsidiary is the parent's involuntary agent. Rather, Illinois courts examine the relationship as a whole, with no single factor being dispositive. *Id.* At least one court has enumerated some of the factors relevant to the determination:

(1) control exercised by parent over subsidiary;

(2) obligations of subsidiary to service parent's products;

(3) inclusion of subsidiary's name and address on parent's advertising;

(4) joint sponsorship of promotional activities;

(5) interlocking directorships;

(6) sites of meeting of subsidiary's board of directors; and

(7) whether subsidiary is authorized to prosecute trademark infringement suits in parent's name.

*Wissmiller v. Lincoln Trail Motosports, Inc.,* 195 Ill.App.3d 399, 141 Ill.Dec. 927, 552 N.E.2d 295 (4th Dist.1990).

Fanuc, USA has an exclusive agreement to service and upgrade Fanuc, Ltd. products in the United States. Indeed, Fanuc Ltd. *established* Fanuc USA because it was well aware that it would be unable to market its products to end users in the U.S. unless potential buyers had some party to turn to when the Fanuc parts malfunctioned. Fanuc USA provides all warranty service as well as some non-warranty maintenance service and also enters maintenance agreements with U.S. end users. Fanuc, USA's *raison d'être* is solely to service Fanuc Ltd. products. Fanuc, USA reports its sales and income to Fanuc, Ltd., holds its board meetings at Fanuc Ltd. headquarters in Japan, and receives about 20 visits/year from Fanuc Ltd. It is not responsible for Fanuc Ltd. advertising (although apparently advertising for both companies is handled by another Fanuc, Ltd. subsidiary), nor does it have authority to prosecute trademark suits. As to the question whether the members of the two companies' boards of directors are interlocking, Fanuc, Ltd. answered P's interrogatories on that issue in Japanese, and did not provide the court with a translation. The court construes those answers against Fanuc, Ltd., and assumes that the boards are interlocking (in fact, there is some English in the answers that indicates that fact).

All these facts are sufficient to establish that Fanuc, USA is Fanuc, Ltd.'s involuntary agent for service of process in the U.S. They also establish that Fanuc Ltd. is "doing business" in the U.S. sufficient to satisfy the requirements of due process for this court's assertion of in personam jurisdiction. The court accordingly denies Fanuc Ltd.'s motion to quash service, and holds that Illinois courts, and therefore this court, may properly assert personal jurisdiction over it.

### Motion to Transfer

Takahashi Machinery Co., Ltd. has moved to transfer this action to the Central District of Illinois, arguing that the plaintiff as well as most of the witnesses are located there. Mr. King has not opposed that motion and this court accordingly grants it.

### Conclusion

The court denies Fanuc, Ltd.'s motion to quash service and grants Takahashi Machinery's motion to transfer.