**Daniel L. CHUNG, Personal Representative and Independent Administrator of the Estate of Therese C. Chung, Deceased, Plaintiff,**

**v.**

**TAROM, S.A.; Transporturi Aeriene Romane; Tarom Romanian Air Transport; Tarom Airlines; Airbus Industrie; Airbus Industrie of North America; Airbus Services Company, Inc.; Gie Airbus Industrie; Swissair Air Transport Co., Ltd.; Swissair Group; Swissair Airlines; Swissair Engineering And Maintenance; Delta Airlines, Inc.; United Technologies Corporation, d/b/a Pratt And Whitney; Pratt And Whitney Group/Commercial Engine Business; and Pratt and Whitney, Defendants.**

**No. 97 C 2946.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 21, 1998.

---

Richard Francis Burke, Jr., Clifford Law Offices, P.C., Chicago, IL, Robert A. Clifford, Chicago, IL, for Daniel L. Chung, Personal Representative and Independent Administrator of Therese C. Chung, Plaintiff.

Michael A. Pope, Jeffrey C. Clark, McDermott, Will & Emery, Chicago, IL, for Tarom, S.A., Transporturi Aeriene Romane, Tarom Romanian Air Transport, Tarom Airlines, Swissair Group, Swissair Air Transport Co., Ltd., Defendants.

Larry S. Kaplan, Richard Alan Walker, Jeffrey Eric Margulis, Kaplan, Begy & von Ohlen, Chicago, IL, Jacques Soiret, Kirtland & Packard, LLP, Los Angeles, CA, for Airbus Industrie of North America, Airbus Services Company, Inc., Gie Airbus Industrie, Pratt and Whitney Group, Defendants.

Martin A. Kanofsky, Linda J. Schneider, Howard Scott Hirsch, Merlo, Kanofsky & Brinkmeier, Ltd., Chicago, IL, for Delta Airlines, Inc., Defendant.

Michael Gerard McQuillen, John Nicholas Julian, III, Adler, Murphy & McQuillen, Chicago, IL, for United Technologies Corporation, dba, Pratt and Whitney, Defendants.

## *MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

Plaintiff Daniel L. Chung brings the instant action against various entities. The action arises out of the crash of a Tarom Airlines airplane ("the airplane") on March 31, 1995, near Bucharest, Romania, which killed all of the passengers and crew aboard, including plaintiff's wife, Therese C. Chung. A motion to quash service of process filed by defendant Airbus Industrie GIE ("GIE") (incorrectly sued as "Airbus Industrie" and/or "GIE Airbus Industrie") is presently before the court.

**1.** Under Fed.R.Civ.P. 4(h)(1), service of process on a domestic or foreign corporation may be properly effected in a judicial district of the United States "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an

## *BACKGROUND*

Plaintiff filed his complaint in the Circuit Court of Cook County, Illinois. The complaint names as defendants GIE, Airbus Industrie of North America ("AINA"), and Airbus Services Company, Inc. ("ASCO"), among others. GIE is the French manufacturer of the airplane. GIE's principal place of business is in Blagnac, France. AINA and ASCO are corporate subsidiaries of GIE. Both AINA and ASCO are incorporated in Delaware and have their principal places of business in Virginia.

At the time plaintiff filed his complaint, summonses were issued for all defendants, including AINA and ASCO. Affidavits of Service were subsequently returned to plaintiff's counsel indicating that AINA and ASCO had been served by personal service of the complaint by the Sheriff of Fairfax County upon Clyde Kizer—the president of ASCO—in Herndon, Virginia on April 15, 1997. ASCO was also served by a private process server in New York, New York on April 11, 1997. In addition, plaintiff sent a summons and a copy of the complaint directly to GIE at its address in Blagnac, France via international mail delivery. GIE received the summons and complaint on or about May 7, 1997. The summons and complaint were not translated into French.

AINA and ASCO removed the case to this court on April 24, 1997, and subsequently filed answers to plaintiff's complaint. Plaintiff did not seek remand. Thereafter, GIE filed a motion to quash service of process or, in the alternative, dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2)(4) and (5). GIE has withdrawn the portion of its motion relating to personal jurisdiction, leaving only the issue of service of process.

## *DISCUSSION*

Because plaintiff has attempted to serve process on GIE under the Illinois service of process rules, as allowed by Fed. R.Civ.P. 4(e) and (h),[1] the court must deter-

officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process...." Rule 4(e)(1) provides that service of process may properly be effected "pursuant to the law of the state in which the district court is located, or in which

mine whether plaintiff has complied with Illinois law.[2] *Akari Imeji Co. v. Qume Corp.*, 748 F.Supp. 588, 590 (N.D.Ill.1990); *Geick v. American Honda Motor Co.*, 117 F.R.D. 123, 125 (C.D.Ill.1987). Under 735 ILCS § 5/2–204, "[a] private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." The parties agree that neither AINA nor ASCO is a "registered agent" or "officer" of GIE. Accordingly, the issue before the court is whether AINA or ASCO may be deemed to be the "agent" of GIE for the purpose of service under § 2–204. Plaintiff bears the burden of establishing this agency relationship. *Akari Imeji*, 748 F.Supp. at 591.

▮ Clearly, "[t]he mere existence of a parent-subsidiary relationship is insufficient to establish the close ties necessary for a subsidiary to be deemed a parent's agent for the service of process." *Wissmiller v. Lincoln Trail Motosports, Inc.*, 195 Ill.App.3d 399, 141 Ill.Dec. 927, 552 N.E.2d 295, 298 (1990). On the other hand, a plaintiff need not show that the two corporations are essentially one or that the subsidiary is an alter ego or a mere department of the parent. *Id.* In other words, there is no bright-line test for determining how much control a foreign parent corporation must have over its domestic subsidiary before the subsidiary will be deemed its agent for purposes of service of process under Illinois law. Illinois cases have instead established a list of factors which courts may consider. Factors considered in various Illinois cases, as collected by the court in *Akari Imeji Co. v. Qume Corp.*, 748 F.Supp. 588, 592–93 (N.D.Ill.1990), include whether:

(1) the subsidiary was established and wholly owned by the parent;

(2) the parent paid the salaries of the subsidiary's directors;

(3) the parent guaranteed the subsidiary's lease;

(4) the subsidiary's sole business was the sale of parts for the parent;

(5) the parent listed the subsidiary's address in advertisements;

(6) the subsidiary existed primarily to promote the sale and distribution of the parent's products;

(7) the subsidiary was obligated to repair and sell parts for the parent's products;

(8) the subsidiary was contractually required to apprise the parent of all aspects of its business;

(9) the subsidiary was authorized to prosecute trademark infringement suits in the parent's name;

(10) the parent controlled the subsidiary's choice of dealers, designation of products and services, stock levels, and methods of ordering;

(11) the parent dominated the subsidiary's board of directors;

(12) the subsidiary conducted its board meetings in the domicile of the parent; and

(13) the subsidiary was listed on a consolidated financial sheet along with the parent rather than publishing its own annual report.

▮ Although there is evidence of some control by GIE over AINA and ASCO, the majority of the factors weigh in favor of GIE's position that AINA and ASCO should

---

service is effected, for the service of summons upon the defendant in an action brought in the courts of general jurisdiction of the State."

2. The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters—more commonly known as the Hague Convention—sets forth certain requirements for the service of process abroad. If, however, service of process is accomplished entirely within the United States in accordance with state law and the Due Process clause, as is

alleged in this case, then the service provisions of the Hague Convention do not apply. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988); see also *Wissmiller v. Lincoln Trail Motosports, Inc.*, 195 Ill.App.3d 399, 141 Ill.Dec. 927, 552 N.E.2d 295, 299–300 (1990) ("The Hague Convention applies only where process is actually served in a foreign country. Where service is properly effected in the forum nation, the Convention is wholly inapplicable.")

not be deemed its agents for service of process. AINA and ASCO are not wholly owned by GIE. Rather, AINA and ASCO are wholly owned by AINA Holdings, Inc., another Delaware corporation. Although GIE owns two thirds of AINA Holdings, Inc., the other one third is owned by four companies from four different countries: Aerospatiale (France), Daimler Benz Airbus (Germany), British Aerospace (Great Britain), and C.A.S.A. (Spain). These four companies are the "members" of GIE. GIE is legal entity under French law known as a "grouping of economic interests" for which there is no direct counterpart under United States law. Colm Mannin ("Mannin"), Associate General Counsel of Airbus Industrie, has testified that the entity is "a bit like a partnership between companies." Thus, GIE only indirectly owns two thirds of AINA and ASCO.

One of the three directors of AINA is an officer of GIE and paid by GIE. One of the four directors of ASCO is an officer of GIE and paid by GIE. There are, however, no common directors among AINA, ASCO, and GIE. In addition, none of the six officers of ASCO are GIE employees. Although one of the nine officers of AINA was an employee of GIE at the time AINA and ASCO were served, that officer has since resigned. Thus, although there is some overlap among the directors and the officers of AINA, ASCO, and GIE, it does not suggest that GIE dominates the board of directors of AINA or ASCO.

The financial dealings of AINA, ASCO, and GIE are also separate. GIE does not guarantee any of the financial obligations of AINA or ASCO. GIE does not arrange the financing for or capitalization of AINA or ASCO. AINA, ASCO, and GIE do not share any bank accounts. AINA and ASCO are not listed on a consolidated financial sheet along with GIE, but publish their own separate annual financial reports. AINA, ASCO, and GIE do not file consolidated tax reports, either in the United States or in France. Nor does GIE have any right of approval over the financial or tax reports of AINA and

ASCO. No profits or losses from AINA or ASCO flow to GIE. In fact, at his deposition, Ian Massey ("Massey"), GIE's Chief Financial Officer, testified that he did not even know whether AINA and ASCO are profitable.[3] AINA and ASCO are not authorized to prosecute or defend lawsuits of any kind in GIE's name.

The business dealings of AINA, ASCO, and GIE, on the other hand, are more closely related. AINA's sole business purpose is to market Airbus airplanes. ASCO's business purpose is to provide customer service training and related services to purchasers of Airbus airplanes in the United States and Canada. Because the business of each company is related in this manner, there are, of course, direct lines of communication between the companies, and information about the business activities of AINA and ASCO is passed on to GIE, as plaintiff points out. This flow of information, however, does not necessarily indicate that GIE controls AINA or ASCO, or that the directors and officers of AINA or ASCO are in any sense reporting to GIE. Massey and Hanko Von Lachner ("Von Lachner"), Company Secretary of GIE, have testified that the head of AINA Holdings, Inc., which owns AINA and ASCO, does not specifically report to anyone at GIE. Mannin has testified that GIE does not participate in any regular meeting where day to day operations decisions are made by AINA or ASCO. Mannin has also testified that GIE does not have control or approval over AINA's or ASCO's decisions regarding the vendors from which they obtain the goods and services necessary to run their businesses. Ultimately, neither AINA nor ASCO is contractually required to apprise GIE of all aspects of its business.

Plaintiff points out that GIE lists AINA and ASCO as "additional insureds" on its product liability insurance coverage. GIE states that, because AINA and ASCO are not manufacturers, their liability in a products liability case would be vicarious, and they would be entitled to indemnification from

---

**3.** Plaintiff attaches significance to the fact that AINA, ASCO, and GIE are audited by the same accounting firms and represented in this action by the same attorneys. The use of the same

outside professionals, however, does not evidence any control by GIE of the financial affairs of AINA and ASCO.

GIE in any event. Thus, GIE explains, it is more efficient, economically, to add AINA and ASCO to its insurance policy. In light of this explanation, the fact that GIE lists AINA and ASCO on its insurance policy lends little support to plaintiff's position.

■ Plaintiff also argues that AINA and ASCO hold themselves out as the agents of GIE because they use the term "Airbus" in their company names. The court disagrees. The use of the term "Airbus" demonstrates only that AINA, ASCO, and GIE are affiliated. Mere affiliation does not justify deeming one corporation the agent of another corporation for the service of process. See Wissmiller v. Lincoln Trail Motosports, Inc., 195 Ill.App.3d 399, 141 Ill.Dec. 927, 552 N.E.2d 295, 298 (1990). In addition, plaintiff does not allege that GIE used AINA's or ASCO's name and address in its advertising, as did the parent corporation in Maunder v. DeHavilland Aircraft of Canada, Ltd., 102 Ill.2d 342, 80 Ill.Dec. 765, 466 N.E.2d 217, 219–20 (1984).

Although AINA and ASCO have had occasional board meetings in Paris, France and Farnsborough, England, as plaintiff points out, these meetings were not held at GIE headquarters. GIE's principal place of business is in Blagnac, near Toulouse in the southwest of France, hundreds of miles from Paris. In addition, these meetings were held during air shows that GIE claims are important aerospace marketing events attended by senior executives from almost every airline in the United States and Canada. Finally, the meetings were held in exhibit facilities at the airport hosting the show, not at any GIE office.

Plaintiff argues GIE's control over AINA is demonstrated by the fact that AINA uses, in its marketing efforts, brochures containing technical information about Airbus airplanes that has been provided by GIE. This fact is neutral on the issue of control because the manufacturer of a product is the most logical—perhaps the only—source for such information. Plaintiff also argues that control is

demonstrated by the fact that AINA sometimes takes prospective customers to the factories of GIE's members as part of its promotional work. This fact is also neutral. As GIE argues, it makes sense for AINA to take prospective customers to see the planes it is trying to sell. Because of their obvious size and expense, planes are not as readily available for demonstration as other products.

Although AINA is prohibited from negotiating a price for the sale of Airbus airplanes which is below a specified percentage of the list price for the airplane, it is unclear whether that price floor is set by GIE or by A.V.S.A., the French corporation that pays AINA for AINA's marketing services.[4] Even if the court were to assume the floor was set by GIE, it would still conclude, after examining the evidence in this case in light of the factors listed above, that plaintiff has failed to establish that GIE controls AINA and ASCO to a degree sufficient to justify deeming either AINA or ASCO its agent for the purpose of service of process. Accordingly, defendant's motion to quash service of process is granted.

## CONCLUSION

Although the court recognizes GIE's right to insist on proper service of process, it seems that this entire exercise has been a tremendous waste of legal and judicial resources. As GIE points out, plaintiff could easily have served it under the terms of the Hague Convention. Of course, GIE could even more easily have agreed to accept service of process through its attorneys, especially since it does not contest personal jurisdiction. The lawyers might have enjoyed playing this little game; the court, which is burdened with an extensive criminal and civil caseload and is not paid by the hour, did not. Defendant's motion to dismiss for lack of jurisdiction has been withdrawn and is deemed moot. Defendant's motion to quash service of process is granted. If plaintiff wishes to keep GIE as a defendant in this case, it must serve GIE under the terms of

4. GIE assigned exclusive marketing rights for Airbus airplanes in the United States and Canada to A.V.S.A. All Airbus airplanes sold to customers in the United States and Canada are sold by A.V.S.A., which buys them from GIE in France. GIE claims that this arrangement is used to avoid double taxation.

the Hague Convention within 60 days. At the January 27, 1998, status conference, counsel are directed to present a comprehensive discovery plan consistent with this court's standing order.